## MATSON v. MACKUBIN et al.

### No. 5293.

Court of Appeals of the District of Columbia.
Argued March 8, 1932.
Decided March 28, 1932.

Alfred Cereeo, A. B. Landa, and Frank S. Goodyear, all of Washington, D. C., for appellant.

Stanton C. Peelle and Paul E. Lesh, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order quashing service and return of a subpœna.

Appellant as plaintiff filed a bill of complaint in the lower court against appellees as defendants, alleging that defendants were a copartnership with principal offices in Baltimore, and engaged in the business of buying and selling stocks on the New York Stock Exchange and the Baltimore Stock Exchange, that the copartnership conducted a branch office in the city of Washington, D. C., and that, by reason of the transactions set out in the bill, the defendants had become indebted to plaintiff in various sums, for which plaintiff prayed an accounting, a decree for the delivery of certain shares of corporate stock, and a personal decree for money losses sustained by plaintiff by reason of alleged fraud of defendants.

The residence of the partners is not stated in the bill, but it is plainly inferable that none of them resided in the District of Columbia, and this fact is also conceded in appellant's brief.

A writ of subpœna was thereupon issued directing service upon "Kortright Church, manager, defendant." Return was made showing personal service on Kortright Church, manager.

A motion to quash the subpœna and return was filed by the defendants, specially appearing for the purpose of the motion only, upon the ground that the defendants were sued individually and were not bound by a subpœna issued to an alleged manager of the partnership. The motion to quash was sustained.

Thereupon a writ of subpœna was issued directed to "Peelle, Ogilby & Lesh, Paul E. Lesh, attorneys for the defendants"; they being the attorneys who had specially appeared for the purpose of the motion to quash the first service. The writ was returned with an indorsement of service. This writ and service were also quashed upon a similar appearance and motion. No other writ or subpœna was issued, nor service attempted.

The present appeal was then taken, but we cannot sustain it.

"At common law there was no means of suing or of obtaining judgment against a partnership as such, and it was necessary that the members of the partnership should be individually served with process." 20 R. C. L. 936.

"Where the statutes so provide, process in an action against a partnership may be served by leaving a copy at its usual place of business with one of its members or with its clerk or general agent or other specified person, but to justify such procedure plaintiff must bring himself within the terms of the statute." 47 C. J. 973.

"But the circuit court rightly held that it had no jurisdiction to enter judgment against the defendants, because there had been no lawful service of the summons upon them. It appears by the record, and is not now denied by the petitioner, that the defendants were a partnership. In the absence of local statute, no valid judgment can be rendered against the members of a partnership without service upon them." In re

942

Grossmayer, Petitioner, 177 U. S. 48, 50, 20 S. Ct. 535, 536, 44 L. Ed. 665.

█ There is no local statute in force in the District of Columbia authorizing such a service as was here attempted. Section 1537, D. C. Code (D. C. Code 1929, T. 24, § 373), provides that, in actions against foreign corporations doing business in the District, all process may be served on the agent of such corporation or person conducting its business, and such service shall be effectual to bring the corporation before the court. That section, however, does not apply to partnerships, nor is such a provision to be found elsewhere in the Code.

█ Appellant has cited a number of cases decided in states where local statutes expressly authorized service of process upon the agent of a partnership. Such decisions, however, do not serve as authority in the present case.

What has been said in relation to the service upon the agent of the partnership equally applies to that upon its attorneys.

The order of the lower court is affirmed, with costs.