Pennsylvania Company, etc., Trustee, *v.*
Houseman et al., Appellants.

312

Argued January 31, 1941. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*J. Webster Jones* and *James A. Walker,* for appellants.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Saul,* for appellee.

Opinion by Mr. Justice Patterson, March 24, 1941:

This is a proceeding in equity, instituted by the Pennsylvania Company for Insurances on Lives and Granting Annuities, appellee, to secure payment of two mortgage bonds held by it, as trustee, out of funds and assets in the possession of appellants, Daniel Houseman et al., as succeeding trustees and treasurer of the Philadelphia Sovereign Consistory of Sublime Princes of the Royal Secret 32 Degree Ancient Accepted Scottish Rite, an unincorporated association.

As trustee for sundry trusts, appellee holds two mortgage bonds, aggregating $1,600,000, accompanying a mortgage upon premises situate at the southwest corner of Broad and Race Streets, Philadelphia, given to secure the repayment of the sum of $800,000, loaned by it to Walter T. Taggart, Daniel Houseman and William W. Matos, as trustees of the Philadelphia Consistory. The mortgage, which recites that "this mortgage is made under and in pursuance of the Authority of the Philadelphia Sovereign Consistory by minutes adopted on the second day of May, 1925, and in pursuance also of the authority of the Building Commission," describes the mortgaged premises as "Being the same premises which John Wanamaker and wife, by deed dated the Twentieth day of April, 1908, and recorded at Philadelphia . . . granted and conveyed unto George W. Kendrick, Junior, Stockton Bates, Amos H. Hall, Trustees of Philadelphia Sovereign Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite, their heirs and assigns in trust as therein set forth, with full power and authority to sell, mortgage and convey the said premises for such price as may be directed by a majority of the members of the Philadelphia Consistory, no purchaser or mortgagor thereof to be liable or responsible for the application of the purchase or mortgage money." The bonds and mortgage were executed on June 1, 1925, by Taggart, Houseman and Matos, as "succeeding Trustees for Philadelphia Sovereign Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite."

The trustees of the Consistory paid over the proceeds of the loan to the secretary of the Consistory, and thereafter the funds were used by the association, principally for the erection of a lodge building on the mortgaged premises. Interest statements were sent to the "Trustees of Philadelphia Consistory of 32 Degree A. A. S. R.," and were paid by checks of the "Bodies of the Ancient Accepted Scottish Rite in Philadelphia," ap-

proved by the Commander-in-Chief. Payment of principal upon the loan was defaulted on June 1, 1930, and interest due from and after December 1, 1934, has not been paid. In October, 1938, appellee took possession of the mortgaged premises.

On March 15, 1939, appellee filed an averment of default upon the bonds, suggested the death of Walter T. Taggart and William W. Matos, and obtained leave to enter judgment against Daniel Houseman, individually, upon the warrants of attorney. Damages were assessed at $1,013,733.31. Upon this judgment a writ of fi. fa. was issued and was returned nulla bona. At the same term and number, appellee, on April 13, 1939, filed its bill in equity against Houseman, David W. Harris, A. V. R. Coe, succeeding trustees of the Philadelphia Consistory, and William C. Burk, its treasurer, appellants, setting forth the making of the loan by appellee to the Consistory, the execution of the bonds by its trustees, the default thereon, the entry of judgment against Houseman, the return, and the fact that appellants, as succeeding trustees and treasurer, hold "all or a substantial portion" of the real and personal property of the Consistory which should be applied in liquidation of the bonded indebtedness. The relief asked for was (a) a discovery of property and assets of the association in appellants' possession; (b) an order restraining them from disposing of such property and assets until the indebtedness due upon the bonds and warrants had been paid; (c) leave to recover the amount due upon the bonds out of the property and assets so held, with appropriate writs of execution in aid thereof*; and (d) other and further relief.

Appellants filed preliminary objections to the bill on the ground that judgment having been entered against Houseman, individually, discovery in aid of execution

---

* Available for the execution of decrees in equity, and not alone upon judgments at law, as appellants assert. See Equity Rule 86.

could not be granted against him in his fiduciary capacity, or against the other defendants who were strangers to the judgment. These objections were dismissed by the chancellor, and appellants answered, averring that the bonds and mortgage were executed by Taggart, Houseman and Matos as trustees under the deed of John Wanamaker et ux., and not as trustees of the Consistory, and that none of the property held by the trustees of the Consistory except the mortgaged premises is subject to appellee's claim upon the bonds. Under new matter, appellants set forth the Wanamaker deed of trust, the bonds and mortgage, and averred that appellee had agreed to accept the mortgage as its sole security for the loan. This latter averment appellee denied, in its reply.

Before hearing, the court granted a rule to strike off the judgment entered against Houseman, individually, which rule was made absolute on May 29, 1940. After hearing, the chancellor, on May 25, 1940, entered a decree nisi, adjudging "the property and moneys held by [appellants] as trustees and treasurer of the Philadelphia Sovereign Consistory" liable for the payment of the bonds, ordering them to make a disclosure of such property, and to apply it to the satisfaction of appellee's claim. It was further decreed: "And it is ordered that [appellants] and each of them see that the association pay [appellee's] aforesaid claim and the costs of these proceedings in so far as the funds and assets of the association will permit." Numerous exceptions were filed by appellants to the chancellor's findings and conclusions of law and to the form of the decree, which were dismissed by the court en banc, by the final decree, and this appeal followed.

While no reason is apparent why the present bill in equity should have been given the same term and number as the judgment previously entered, erroneously, as is generally conceded, against Houseman individually, on the law side of the court, this was, at most,

harmless error, as was also appellee's failure to attach the bonds and mortgage, already of record in the prior proceeding, to its bill, as required by Equity Rule 34. The omission, of which appellants made no complaint in their preliminary objections, if material, was supplied by the answer. See *Genesee Paper Co. v. Bogert,* 23 Pa. Superior Ct. 23, 27. Despite these procedural irregularities, which do not affect the merits of the controversy, it is apparent from an examination of the bill that it was not simply a bill for discovery in aid of execution upon the Houseman judgment, the basis for which was destroyed when that judgment was stricken off, as appellants contend, but was, as the chancellor sufficiently set forth in his adjudication, in substance and effect, a bill to affix the general funds and assets of the unincorporated association, of which appellants are representative members, with responsibility for the payment of the mortgage bonds held by appellee, and that discovery was purely incidental to this relief. No discovery of Houseman's individual assets being asked in the bill, the averments relating to the judgment and execution against him are properly to be regarded as merely narrative of former proceedings upon the bonds.

As this proceeding was instituted prior to the adoption of Procedural Rule 2153, permitting actions against unincorporated associations *eo nomine,* the only remedy then available on the bonds was a bill in equity against some of the members as representatives: *Maisch v. Order of Americus,* 223 Pa. 199; *Taylor v. Order of Sparta,* 254 Pa. 556; *Oster v. Brotherhood of Locomotive F. & E.,* 271 Pa. 419; *Grant v. Carpenters' Dist. Council,* 322 Pa. 62. Appellee, therefore, had no adequate legal remedy, and the jurisdiction of equity was properly invoked. It was not obliged to limit itself to an action *in rem.* See *Beaver Co. B. & L. Assn. v. Winowich,* 323 Pa. 483; *Knox v. Noggle,* 328 Pa. 302; *Shallcross v. North Branch-Sedgwick B. & L. Assn.,* 123 Pa. Superior Ct. 593.

Taggart, Houseman and Matos, who executed the bonds in question, occupied a dual fiduciary capacity. They were trustees of the mortgaged premises for the Consistory under the Wanamaker deed, and in that capacity had power to execute the mortgage, with the consent of a majority of the members of the Consistory present at any meeting, which consent was granted on May 2, 1925. As trustees under this deed, they had no power to bind other assets of the Consistory for payment of the mortgage debt. But, appellants concede that these persons were also regularly elected trustees of and for the Philadelphia Consistory under its By-laws. By Article IV, Section 5, they were entrusted with all securities and investments of the Consistory, and, under Section 6, they held title to its real estate and were charged with the maintenance, repair, and renting thereof. While the By-laws alone did not expressly empower them to bind the assets of the Consistory for the repayment of loans made to it, none of the provisions expressly forbade them to do so upon proper authorization of the members. Being the officers of the association principally charged with the management of its property, they were the logical persons to be granted such authority. Appellants did not offer in evidence the minutes of the meeting of June 1, 1925, and, by their answer, they admitted the averment in the bill that "On June 1, 1925, said Walter T. Taggart, Daniel Houseman and William W. Matos, as such succeeding trustees [for Philadelphia Sovereign Consistory], *were duly authorized by the aforesaid unincorporated association to borrow from [appellee] for the uses and purposes of said association, the sum of $800,000 and to give as security for the repayment thereof two bonds or obligations with warrants of attorney thereto attached in the principal sum of $1,400,000 and $200,000 respectively, conditioned for the payment of the just sum of $800,000 at the expiration of five years from the date thereof, with interest thereon. . . ."* It

must necessarily be concluded, therefore, that the trustees were empowered to bind the property of the association other than the mortgaged premises to secure the loan; otherwise the giving of bonds would not have been authorized by the members.

The bonds were executed by Taggart, Houseman and Matos as "Succeeding Trustees *for* Philadelphia Sovereign Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite", and as such trustees they bound themselves and their successors to pay, "or cause to be paid", the mortgage debt. Under the bonds and mortgage, which were duly recorded, the membership, through the secretary of the Consistory, received the amount of the mortgage loan. The funds were used by the Consistory, and the Consistory paid the mortgage interest. No attempt was made by the association to deny the authority of the trustees, as trustees for the association, to execute the bonds. Had there been no express authorization for the action of the trustees, these circumstances might well be held to have constituted a ratification of their execution of the bonds. See *MacGeorge v. Chemical Co.*, 141 Pa. 575; *Humphrys v. Republican Central Campaign Committee*, 320 Pa. 353, 356.

It is urged by appellants that since the By-laws provide for *five* trustees of the Consistory, those who signed the bonds could have been acting only under the deed of trust, which conveyed the property to *three* trustees whom they succeeded. So far as appears from the record, the Consistory had, in 1925, and has at the present time, only three trustees. Moreover, the undenied averment of the bill is that Taggart, Houseman and Matos were authorized to execute these bonds, and, in view of this authorization, the finding of the chancellor that they held title to the mortgaged premises under the By-laws, rather than the deed of trust, is immaterial. The material finding is that these persons were properly authorized by the association to give the bonds and war-

rants of attorney. Nor are we able to follow appellants' argument that because title to the realty was held by the trustees under the deed of trust, the bonds showed on their face that those who executed them had no authority to bind the general assets of the association. Taggart, Houseman and Matos were trustees "for" the Consistory, under both the Wanamaker deed and the By-laws, which description aptly combined the capacities in which they executed both the bonds and the mortgage. The deed of trust does not, and could not, limit the power of the association to authorize its trustees to execute the bonds; at most, it could restrict their authority to deal with the real estate entrusted to them. The trustees derived their power to *mortgage* the property by virtue of the resolution of the members, in accordance with the deed of trust, whereas, they derived their power to *execute the bonds,* not by virtue of the deed of trust, but by the vote of the association. Both acts the trustees were authorized to do, and did, in a proper manner, as trustees "for" the Consistory.

Appellants' final objection that the decree directs them to "see that the association pay the [appellee's] aforesaid claim", is likewise without merit. In *Maisch v. Order of Americus,* supra, involving an unincorporated beneficial society where, by statute, only the treasury of the association was liable for its debts, this Court, after pointing out that unincorporated associations were not amenable to actions at law, said, at 201: "A plain remedy remains, however, in the courts of equity, in which suit may be brought against some of the members of an unincorporated association, as representing themselves, and all others having the same interest. In this way, as pointed out in *Fletcher v. Gawanese Tribe,* 9 Pa. Superior Ct. 393, 'though the treasury alone shall respond for a debt found to be due, those in control of the treasury may be compelled to see that the treasury meets its liabilities by payment' ". As appellee is not seeking to charge appellants as individ-

uals, but merely to reach the funds and property of the association which, as its officers, they hold, and particularly in view of the fact that, by the terms of the bonds, the trustees obligated themselves to "cause them to be paid", the form of decree is not inappropriate. Appellants' fear that they may be imprisoned by reason of contempt proceedings, which may possibly be brought against them at some future time, does not appear to be warranted by the decree entered, and may be disposed of if and when such proceedings are instituted.

We have carefully considered each of appellants' contentions, but upon a review of the whole record, in the light of the assignments of error, are convinced that the decree must be affirmed.

Decree affirmed. Costs to be paid by appellants.

