**FENNELL .v. BACHE et al.**

**No. 7731.**

United States Court of Appeals for the District of Columbia.

Decided June 30, 1941.

Writ of Certiorari Denied Dec. 8, 1941. See 62 S.Ct. 359, 86 L.Ed. ——.

James J. Laughlin, of Washington, D. C., for appellant.

Frank J. O'Connor, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

Plaintiff, appellant here, sued defendant and others for malicious arrest. The trial court granted defendant's motion to quash the service of process and the sole issue on the appeal is whether this action was correct.

Defendant is a New York brokerage partnership. Its principal place of business is in New York City and all the partners are residents of the State of New York. The firm maintains a branch office in a Washington hotel, which is in charge of a resident manager who is not a partner. The caption of the amended complaint designated the defendant as "J. S. Bache & Co. (a partnership) L. B. Bru-

baker, Resident Mgr.," but the body set forth the names and residences of the partners. Process was directed in accordance with the caption and the return states that service was made by personal delivery to the resident manager.

Plaintiff says that service in this manner was authorized by the Federal Rules of Civil Procedure, particularly Rule 4 (d) (3), 28 U.S.C.A. following section 723c. Defendant asserts that the rules have not changed the modes of bringing suit against and securing service upon partners which existed prior to their effective date. Until then the common law rule prevailed in the District of Columbia and suit against a partnership could not be maintained in the firm name, but had to be brought in the names of the partners, with service of process upon them individually. Matson v. Mackubin, 1932, 61 App.D.C. 102, 57 F.2d 941. The trial court's order necessarily determined that the common law procedure has not been changed by the Federal Rules. We have to determine whether this decision was right.

Rule 4 (d) (3) provides the method for serving process upon a partnership "which is subject to suit under a common name." It does not purport to determine whether or what partnerships are subject to suit in this manner. Pertinent to that question are Rule 17(b), relating to capacity to sue or be sued, and Rule 81(e).

Rule 17(b) is as follows: "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the

purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

The purpose of the rule is to keep or bring the procedure of the federal courts in conformity with that of the courts of the state in which the district court is held, as respects the capacity of partnerships or unincorporated associations for suing and being sued, except when the state court follows the common law and a federal substantive right is involved.[1] If the question had arisen in a district court held in a state, therefore, it would have been determinable by the law of the state, since the cause of action would be of a local rather than distinctively federal character. But the cause of action arises in the District of Columbia, which is unique in that all of its law may be said to be federal in a broad sense, since Congress legislates for the District and its common law is determined by federal courts. By giving the language "a substantive right existing under the * * * laws of the United States" its broadest meaning, therefore, Rule 17(b) could be interpreted to authorize suits in the common name by or against partnerships as to all causes of action asserted in the District Court, regardless of whether they would be considered as federal or local if asserted in a district court held in a state.

Supporting this construction would be obvious considerations of convenience in providing a uniform procedure for litigation involving unincorporated organizations, without respect to the local or federal character of the substantive cause of action. These would be reinforced by regard for the substantial injustice which arises when nonresident organizations are permitted to conduct regular business operations within the jurisdiction, yet enjoy a practically complete immunity to suit relating to wrongs inflicted in the course of the business, unless those injured are able and willing to sue in the courts of the owners' domicil.[2] Furthermore, it is dif-

---

[1] See Clark and Moore, A New Federal Civil Procedure II (1935) 44 Yale L.J. 1291, 1315–1317, and authorities cited notes 106–111.

[2] Sturges, Unincorporated Associations as Parties to Actions (1924) 33 Yale L. J. 383. Some of the more obvious obstacles are the expense and inconvenience of transporting witnesses from the locality where the cause of action arises to that of the forum, securing their compulsory attendance, vestigial remains of the common law requirement that all partners be joined when the cause of action arises from contract. When the partners are numerous, and particularly when a large unincorporated association is sued, the magnitude of the task of joining and serving all individually confers a practical immunity to suit. These and other rea-

ficult to assign any substantial reason to support a discrimination in this respect when substantive federal rights are involved which does not equally support its application when they are local in character.[3] Since the District of Columbia is not a state, Rule 17(b), standing entirely alone, well might be construed to make the provision for reference to "the law of the state" inapplicable and therefore to bring this case within the exception stated in the concluding portion of the rule.

But Rule 17(b) must be construed, for purposes of its application by the District Court, in the light of Rule 81 (e), which is as follows: "Whenever in these rules the law of the state in which the district court is held is made applicable, the law applied in the District of Columbia governs proceedings in the District Court of the United States for the District of Columbia. When the word 'state' is used, it includes, if appropriate, the District of Columbia. When the term 'statute of the United States' is used, it includes, so far as concerns proceedings in the District Court of the United States for the District of Columbia, any Act of Congress locally applicable to and in force in the District of Columbia. When the law of a state is referred to, the word 'law' includes the statutes of that state and the state judicial decisions construing them."

This rule takes account of the peculiar situation of the District and clearly recognizes the distinction between the procedural[4] law which is only locally applicable within its limits and that which is applicable generally there and elsewhere as federal law. The general object of the rule appears to be to continue in effect the local procedural law prevailing in the District so far as proceedings in the District Court are concerned, to the same extent and effect as the procedural law of a state is made effective in the federal district courts held within it. That appears to be true both as to statutory and nonstatutory procedure.[5] It is clear from the rule's explicit language that the local statutory law was continued in force, at least in the specific instances in which the rules would require a district court held in a state to give effect to a "statute of the United States" covering the same general subject matter.[6] Although "the law of the state"

---

sons underlie the widespread adoption of "common name" statutes in various forms. Cf. Warren, Corporate Advantages Without Incorporation (1929) c. VI.

[3] The reason most frequently given for refusing to recognize capacity for suit in unincorporated organizations is absence of legislative warrant. Cf. Davidson v. Henry L. Doherty & Co., 1932, 214 Iowa 739, 241 N.W. 700, 91 A.L.R. 1308; Henry L. Doherty & Co. v. Goodman, 1935, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097, in which an Iowa statute [Iowa Code, 1939, § 11079] authorizing personal service on an agent of a nonresident partnership or individual was used to allow suit in the trade name of a nonresident individual. Cf. Warren, op. cit. supra note 2. The contrary trend in the federal courts prior to adoption of the federal rules has been assigned to implied recognition of such institutional capacity through federal legislation conferring substantive rights. Cf. Warren, op. cit. supra note 2, at 661–4; United Mine Workers of America v. Coronado Coal Co., 1922, 259 U.S. 344, 386, 391, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. But the trend hardly had attained universal application, and Rule 17 (b) appears to be an extension of the principle to include all cases involving federal sub-

stantive rights. Insofar as it may be an extension, it impliedly but clearly contemplates that capacity of such organizations for suit is a matter of procedure, not of substantive right. Cf. United Mine Workers of America v. Coronado Coal Co., supra, 259 U.S. at page 390, 42 S. Ct. at page 576, 66 L.Ed. 975, 27 A.L.R. 762: "Though such a conclusion as to the suability of trades unions is of primary importance in the working out of justice * * * it is after all in essence and principle merely a procedural matter." See, also, Sturges, op. cit. supra note 2, at 405.

[4] As is true of all the rules, 81 (e) and 17 (b) deal, presumably at least, with procedure, not with matters of substantive right, in accordance with the limitation imposed by the enabling statute, Act of June 19, 1934, c. 651, § 1, 48 Stat. 1064, 28 U.S.C.A. § 723b.

[5] Thus the word "law" as used in the phrase "the law of the state" is defined to *include* both statutes and decisions construing them. Use of the word "include" leaves open the possibility that procedural decisions not involving statutory construction may not be excluded.

[6] Rules 4 (e) (service of summons or notice); 4 (f) (service beyond state territorial limits); 17 (a) (suit in name of the United States); 24 (a), (b) and (c)

as used generally in the rules refers in most instances to matters of procedure which ordinarily are governed by statute,[7] the phrase is not expressly so limited, and in Rule 17(b), as in some other instances,[8] it is employed to designate matters which in some states are governed by statute, in others by the common law. It cannot be held therefore that the phrase "law of the state," as used generally in the rules, is intended to make effective in the federal courts only state statutory procedural provisions. We think that Rule 17 (b) must be construed in the light of Rule 81(e) and that "the law applied in the District of Columbia" must be given effect to the same extent, for purposes of applying Rule 17(b) here, as "the law of the state" would be given effect in a federal district court held in a state. It follows that the federal rules were not intended to change the preexisting law of the District in reference to the capacity of partnerships and unincorporated associations to sue and be sued in the District Court in reference to local causes of action arising at common law. We do not decide whether the same rule is applicable when the suit involves a cause of action arising under an Act of Congress only locally applicable within the District, since that question is not presented by the facts.

In opposition to the considerations to which we have referred as supporting a contrary conclusion, we may note that such a conclusion also would be attended with difficulties. Presumably it would be necessary to limit the satisfaction of any judgment rendered upon service of process such as was obtained here to the firm assets, excluding the individual property of the partners. Cf. East Denver Municipal Irrigation District v. Doherty, D.C. S.D.N.Y.1923, 293 F. 804. But see Sturges, op. cit. supra note 2, suggesting possible procedures for reaching the individual assets of the partners. Furthermore, to adopt the suggested broad construction of Rule 17(b) would require its application, not only to domestic and foreign partnerships and other business institutions, but also to many kinds of unincorporated organizations, such as charitable, religious and eleemosynary institutions, labor unions, trade associations, etc. Though much may be said for the view that courts should freely recognize the legal capacity of unincorporated social and economic institutions for litigation in respect to their interests and activities, and without conceding that such recognition may not be extended in specific situations where legislation does not authorize it, we think it is more appropriate for such sweeping change as would be required by a holding in accordance with the plaintiff's view to be made by the Congress rather than by ourselves.

The order is affirmed.

---

(intervention); 28 (a) (authority of officer taking depositions to administer oaths); 39 (a), (c) (right to trial by jury); 41 (a) (dismissal of actions); 43 (a) (statutes making evidence admissible); 45 (e) (place of service of subpœna); 54 (d) (allowance of costs); 55 (b) (2) (trial by jury); 62 (c) (three-judge court—injunction pending appeal); 64 (seizure of person or property pending outcome of litigation); 69 (a) (procedure on execution).

[7] Rules 4 (d) (2), (3) (method of serving summons upon infants, incompetents, corporations, etc.); 62 (f) (stay of execution); 64 (seizure of person or property pending outcome of litigation); 69 (a) (procedure on execution); 81 (c) (time allowed for answer in removed action).

[8] Cf. Rules 43 (a), 69 (a) (procedure and *practice* on execution).