334

Roy J. UNDERWOOD, Appellant,

v.

William E. MALONEY, Individually and as Representative of the International Union of Operating Engineers,

Homer DAWSON et al., in their own behalf and on behalf of all Members of Local 542 and its Branches 542–A, 542–B and 542–C of the International Union of Operating Engineers, Appellants,

v.

William E. MALONEY and Hunter P. Wharton, Individually and as Representatives of and on Behalf of the International Union of Operating Engineers.

Homer DAWSON et al., in their own behalf and on behalf of All Members of Local 542 and its Branches 542–A, 542–B and 542–C of the International Union of Operating Engineers,

v.

William E. MALONEY and Hunter P. Wharton, individually and as Representatives of and on behalf of the International Union of Operating Engineers, Appellants.

Nos. 12267, 12269, 12268, 12270, 12289.

United States Court of Appeals Third Circuit.

Argued Nov. 18, 1957.

Decided March 26, 1958.

On Petition for Rehearing May 13, 1958.

See, also, 245 F.2d 797.

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellants in Nos. 12267–12270.

Charles A. Wolfe, Philadelphia, Pa. (Cornelius C. O'Brien, Jr., Philadelphia,

Pa., J. Albert Woll, Washington, D. C., William H. Thomas, Cleveland, Ohio, Myers, McVeigh, Mansfield & O'Brien, Philadelphia, Pa., Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., on the brief), for appellees in Nos. 12267–12270, and appellants in No. 12289.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The five appeals at bar were taken from judgments entered in two suits which were tried together by the court below and which arose from the same or connected operative facts.[1] The first suit, at C.A. No. 14,398 in the court below was brought by Underwood, a resident of Pennsylvania, President and Business Agent of Local 542 and of its affiliated branches in Pennsylvania, Delaware and New Jersey, against William E. Maloney, a resident of Illinois, President of the International Union of Operating Engineers with which Local 542 was affiliated. Underwood seeks injunctive relief to prevent Maloney individually and as representative of the International Union from enforcing an order of the General Executive Board of the International which removed him, Underwood, from his position as President and Business Agent of Local 542, from membership in the Local, and from all activities for a definite period subject to a

proviso which need not be stated here, and which also fined him $3,500. Underwood also seeks damages.

The other suit, at C.A. No. 14,547 in the court below, was brought by Dawson and others, residents of Delaware or Pennsylvania, all members of Local 542, as a so-called "class" action on behalf of all of the members of Local 542, against Maloney and Wharton, a resident of Washington, D. C., trustee of Local 542, appointed such by Maloney, pursuant to provisions of the constitution and by-laws of the International, purportedly to the end that a strike of long duration should be terminated. Dawson and his associates seeks a decree terminating the supervision of Local 542 by the International through its trustee, Wharton. They seek also the termination of an alleged conspiracy by Maloney, as President of the International, and others to interfere in the affairs of the Local, and a declaration that the actions and orders of Maloney, as President of the International, allegedly interfering with Local 542 in effecting collective bargaining agreements with employers were illegal. Dawson and his associates pray as well for a declaration voiding the suspension and the "conviction" of Underwood, President and Business Agent of the Local, referred to in the preceding paragraph of this opinion and they also seek to enjoin reprisals against Underwood because he brought the suit in the court below at its C.A. No. 14,071, referred to

[1] The first appeal, at our No. 12,267, taken by Underwood from the judgment of the court below at its C.A. No. 14,398. The second appeal, at our No. 12,268, was taken by Dawson and others from that part of the decree of the court below at its C.A. No. 14,547 which permitted Maloney to continue supervision of the Local, in effect reinvoking supervision of the Local by the International despite that portion of the decree which vacated the order of supervision. The appeals at our No. 12,269 and No. 12,270 are from the District Court's order at C.A. No. 14,547 dissolving a preliminary injunction restraining the holding of elections by Local 542 and were taken by Underwood and Dawson. On June 12, 1957

this court entered a restraining order maintaining the status quo during the pendency of the appeals. The appeal at our No. 12,289 was taken by Maloney from that part of the decree of the court below in C.A. No. 14,547 which set aside the order of supervision, previously referred to.

A third suit in the court below, at its No. C.A. 14,071, in which an appeal was not taken, supplied certain facts which need not be gone into in detail here. It is sufficient to state here that Underwood brought this suit on his own behalf and on behalf of Local 542 to test the validity of a cease-strike order entered by Maloney as president of the International. It was disposed of by settlement.

in note 1, supra. Dawson and his associates also pray for an accounting and other relief germane to that already referred to in this paragraph.

Jurisdiction of the suits in the court below is alleged to be based upon diversity of citizenship and jurisdictional amount. We are of the opinion that the suit at C.A. No. 14,547 should have been dismissed by the court below for want of diversity and that the major cause of action alleged at C.A. No. 14,398 in the court below does not lie within the diversity jurisdiction.

It will be observed that the suits at C.A. No. 14,547 and 14,398 with which we are concerned were brought against Maloney or Maloney and Wharton not only in their respective individual capacities but also as class representatives of the International Union. Putting to one side for the time being those aspects of the suits relating to Maloney and Wharton as individuals, it is clear that jurisdiction as to the International is sought to be maintained on the theory of a class suit in which only the citizenships of the representatives of Local 542 and of the International, the two respective "classes," need be considered for the purposes of maintaining diversity jurisdiction. Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673.

Rule 17(b), Fed.Rules Civ. Proc. 28 U.S.C.,[2] provides that in cases by or against unincorporated associations, such as the International and the Local, where jurisdiction is bottomed on diversity, as contrasted with jurisdiction based on a federal question, the courts must determine the capacity of an unincorporated association to sue or be sued by reference to the law of the state in which the federal court is sitting. Worthington Pump & Machinery Corp. v. Local 259, D.C.Mass.1945, 63 F.Supp. 411; Sanders v. International, etc., D.C. Ky.1954, 120 F.Supp. 390; American Newspaper Guild v. Mackinnon, D.C. Utah 1952, 108 F.Supp. 312. Since 1939 the law of Pennsylvania has forbidden a suit by or against an unincorporated association to be maintained as a class action, and such suits must be deemed to be brought either on behalf of or against the unincorporated association itself.[3] Notes of Procedural Rules Committee to Rule 2230(a); 3 Goodrich-Amram, Standard Pennsylvania Practice 2152–2; 4 Anderson Pennsylvania Practice 195; Stern, Intra-Union Activities, Membership and Collective Bargaining Rights Under Pennsylvania law, 29 Temple L.Q.

2. Rule 17(b), Fed.Rules Civ.Proc. 28 U.S.C. provides:

"Capacity to Sue or be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held,* except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28 U.S.C. §§ 754 and

959(a). As amended Dec. 27, 1946, Dec. 29, 1948, eff. Oct. 20, 1949." (Emphasis supplied).

3. "Rule 2152. Actions by associations.

"An action prosecuted by an association *shall* be prosecuted in the name of a member or members thereof as trustees ad litem for such association. An action so prosecuted shall be entitled 'X Association by A and B, Trustees ad Litem' against the party defendant." (Emphasis supplied).

"Rule 2153. Actions against associations

"(a) In an action prosecuted against an association it shall be sufficient to name as defendant either the association by its name, whether the same is registered, filed or not, or any officer of the association as trustee ad litem for such association in the manner prescribed by Rule 2152."

See Pennsylvania Rules of Civil Procedure, Title 12 P.S.Pa.

38 (1955); Laudenslager v. Wiegner, 1946, 22 Lehigh, Pa., Co.L.J. 137; Winters v. New Johnny Jones Exposition, 1944, 6 Beaver, Pa., 138. Cf. Pennsylvania Co. v. Houseman, 1946, 341 Pa. 311, 316, 19 A.2d 148, 150. It follows, therefore, that under Rule 17(b) an unincorporated association must sue or be sued as an entity in the United States District Court for the Eastern District of Pennsylvania.

Jurisdiction nonetheless must be established and for jurisdictional purposes the citizenship of an unincorporated association is determined by the citizenship of its members. Therefore, where jurisdiction is sought to be founded on diversity of citizenship, the action being by or against an unincorporated association, as it must be applying the law of Pennsylvania which obviates class suits, the citizenships of the individual members of the unincorporated association must be shown to be wholly diverse from that of the opposing party or those of the opposing parties. Thomas v. Board of Trustees of Ohio State University, 1904, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160 and Rosendale v. Phillips, 2 Cir., 1937, 87 F.2d 454. See also 3 Moore's Federal Practise, 2 ed. Paragraph 17.25, pp. 1412–1413. Compare Fallat v. Gouran, 3 Cir., 1955, 220 F.2d 325.

From the affidavits filed by the Secretary-Treasurer of the International and from the record as a whole, it is clear that there is no diversity between Underwood and the International at C.A. No. 14,398, nor between the members of Local 542 and the International at C.A. No. 14,547. Pennsylvania Greyhound Lines, Inc., v. Amalgamated Ass'n, etc., D.C.W.D.Pa.1952, 105 F.Supp. 537; Fry Roofing Co..v. Textile Workers Union of America, etc., D.C.E.D.Pa.1957, 149 F. Supp. 695; 3 Moore's Federal Practice,

p. 1407 et seq. In any event Rule 8(a), Fed.R. Civ.Proc., 28 U.S.C., requires that a plaintiff suing in a United States district court, must show affirmatively the existence of whatever is essential to jurisdiction, and if he does not do so, the court on discovering the defect must dismiss the case, unless it be cured by amendment. Smith v. McCullough, 1926, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682; Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Miller v. Brown Shipbuilding Co., 5 Cir., 1948, 165 F.2d 956. Indeed, in the complaints in the cases at bar there are not even averments of the respective citizenships of all the members of the International and of the Local. Compare Tunstall v. Brotherhood of Locomotive F. & E., 4 Cir., 1945, 148 F.2d 403, in which jurisdiction was based upon a federal question.[4]

We are also of the opinion that the action by Dawson and his associates against Maloney and Wharton as individuals should have been dismissed because of a lack of diversity jurisdiction. Dawson and his associates in the suit at C.A. No. 14,547 seek relief which can be afforded them only by the International. An injunction against Maloney individually or against Wharton individually could not validly preclude the International from enforcing or maintaining its decision against Underwood or the Local. It is clear, therefore, that the International is an indispensable party for the granting of the relief sought by the plaintiffs. Kendig v. Dean, 1878, 97 U.S. 423, 24 L.Ed. 1061; Gray v. Reuther, D.C.E.D.Mich.1951, 99 F.Supp. 992, affirmed 6 Cir., 1952, 201 F.2d 54. The International must be joined as a party even though that joinder would destroy diversity jurisdiction. Warfield v. Marks, 5 Cir., 1951, 190 F.2d 178, certiorari denied 1951, 342 U.S. 887, 72 S.Ct. 176, 96 L.Ed. 665. Moreover, even if

4. In Tunstall v. Brotherhood of Local F. & E., 4 Cir., 1945, 148 F.2d 403, Rules 17(b) and 23(a), Fed.R.Civ.Proc., 28 U.S.C., were held to offer alternate theories of suit where jurisdiction was based upon a federal question, exception (1) built into Rule 17(b), being applicable. However, where jurisdiction is based on diversity of citizenship the state law must supply the test as to the *locus standi* of the parties.

there were diversity—which, as we have demonstrated, there was not—Dawson and his associates failed to aver, as was required, the citizenships of the members of Local 542. For this reason, if for no other, the suit cannot be maintained. It follows therefore that the court below was without power to adjudicate the cause at C.A. No. 14,547 and that that suit must be dismissed by the court below.

As we have stated, the suit at C.A. No. 14,398 in the court below was also brought by Underwood against Maloney as an individual. The plaintiff in this suit seeks two kinds of relief. The first type of relief sought is injunctive which would restore Underwood to the office of President and Business Agent of the Local, and would prevent Maloney and the International from interfering with him in the performance of these duties. Underwood also seeks damages.

As to the requested injunctive relief, all that we have said in the preceding paragraph respecting the suit at C.A. No. 14,547 is equally applicable to this phase of the relief sought at C.A. No. 14,398. As to this phase of the suit and the relief sought by Underwood the International and Maloney as its "Representative" are indispensable parties.

■ But Underwood in the suit at C.A. No. 14,398 seeks damages also from Maloney as an individual. It is settled law that officers or individual members of an unincorporated association are liable for acts which they individually commit or to which they contributed, Wortex Mills Inc. v. Textile Workers Union of America, 380 Pa. 3, 109 A.2d 815 (1954), and as to such actions the International is not an indispensable party.

But on the present record at C.A. No. 14,398 there is no diversity of citizenship for though Maloney as an individual is a citizen of Illinois and Underwood a citizen of Pennsylvania, the citizenship of Maloney in his capacity as a "Representative" of the International, must be deemed to be that of the International and the status of the International for the purpose of diversity jurisdiction is determined by the citizenships of all of its members. The plaintiff, Underwood, a citizen of Pennsylvania, therefore joined as defendants in a single suit, arising out of identical events complained of, Maloney individually, whose citizenship as a resident of Illinois was diverse, and Maloney, as a "Representative" of the International, whose citizenship as a "Representative" of the International was not diverse. It follows that the court below did not possess the power to retain jurisdiction of the suit at C.A. No. 14,398 in view of the parties presently on the record. However, to dismiss the present action and require the plaintiff to start over again in the District Court, as was stated by Mr. Justice Frankfurter in Mullaney v. Anderson, 1952, 342 U.S. 415, 417, 72 S.Ct. 428, 430, 96 L.Ed. 458, "would entail needless waste and runs counter to effective judicial administration * * *" Rule 21, Fed.R.Civ.Proc. 28 U.S.C., can properly come into play at this stage of the litigation. We therefore will treat the case as if the court below had on its own motion dismissed Maloney as a "Representative" of the International as a party defendant.[5]

■ Treating the suit at C.A. No. 14,398 as a suit by Underwood against Maloney individually, it is clear that Underwood failed to prove his case at the trial. The evidence shows that Underwood was deprived of his office as President and General Agent of the Local by the action of the General Executive

---

5. Motions to dismiss were filed in both suits, to the original complaints, based on the ground, *inter alia*, that there was no diversity of citizenship. The complaints were dismissed with leave to amend though lack of diversity was not the ground on which the motions to dismiss were granted. Amended complaints were filed in both suits but no motions to dismiss based on lack of diversity jurisdiction were filed by the parties following the amendments.

Board of the International[6] and there is no proof that the General Executive Board was under the domination of Maloney. The court below expressly so held and there is no evidence to the contrary.[7] It appears clearly, therefore, that Underwood must obtain damages, if any, from the members of the General Executive Board or from the International. Underwood has not named the members of the General Executive Board as parties to this suit. The observations already made as to the lack of diversity jurisdiction in respect to the International and the International as an indispensable party need not be repeated here.

The court below entered final judgment in favor of Maloney at C.A. No. 14,398. It had the power to enter such an order since it possessed jurisdiction to adjudicate the issue of damages sought by Underwood from Maloney individually, Ward v. Deavers, 1953, 92 U.S.App.D.C. 167, 203 F.2d 72, but it entered the judgment against Underwood and in favor of Maloney without differentiating as to the relief sought by Underwood against Maloney individually and as a "Representative" of the International. We think it unnecessary to truncate the decree of the court below to effect a distinction now between dismissing the suit for want of jurisdiction as to Maloney in his representative capacity and affirming the judgment in favor of Maloney as an individual. We therefore will simply affirm the judgment at C.A. No. 14,398.

As to the judgment at C.A. No. 14,547, our holding that the court below was without jurisdiction to entertain that suit renders it unnecessary to comment upon or deal with the form or effect of the judgment entered by the court below which purported to grant the relief sought by Underwood but which delayed the effect of the judgment which was entered on May 23, 1957 until September 1, 1957.

It must be borne in mind that the issue of jurisdiction is always open and should be determined *in limine* by a trial court. Mitchell v. Maurer, 1934, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Mansfield, C. & L. M. Ry. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462. It is desirable that jurisdictional questions be determined promptly to the end that long and costly trials may be avoided or restricted to the pertinent and material issues.

The judgment of the court below at C.A. No. 14,398, on appeal at our No. 12,-267 will be affirmed. The judgment of the court below at C.A. No. 14,547, on appeal at our Nos. 12,268 and 12,289, will be vacated and will be remanded with the direction to the court below to dismiss the suit for want of jurisdiction. The appeals at Nos. 12,269 and 12,270 will be dismissed as moot. These were appeals from the action of the court below vacating injunctive relief which need not be detailed here. The injunction entered by this court on June 12, 1957 at our Nos. 12,267 to 12,270 inclusive will be vacated.

On Petition for Rehearing in
Nos. 12267–12270.

(1) The plaintiffs-appellants have petitioned for reargument contending that we have construed the provisions of Rule 17(b), Fed.R.Civ.Proc., 28 U.S.C., so as to deny proper force and effect to Rule 23(a) and that we have erred in holding that the court below did not have jurisdiction to decide both suits. We cannot agree.

---

6. It should be pointed out so that there may be no misunderstanding that though Underwood was suspended from his office, as were all the other officers of the Local by the order of President Maloney of August 19, 1952, invoking supervision by the International of the Local, this is not the order upon which the complaint at C.A. No. 14,398 is based. The decision and order upon which that suit is based are those of the General Executive Board signed, September 24, 1952, by Gramling as General Secretary-Treasurer.

7. The court below stated in this respect: "The Executive Board made its decision uninfluenced by Maloney, although plaintiffs asked me to find directly to the contrary." 152 F.Supp. at page 666.

As pointed out in our first opinion, jurisdiction in these cases is asserted solely on the bases of diversity of citizenship and the substantive rights that were sought to be enforced arose under the common law of the Commonwealth of Pennsylvania. In actions brought in a United States district court where jurisdiction is based on diversity, the capacity of persons to sue or be sued is determined by the law of the state in which the district court sits. Rule 17(b), Fed.R.Civ. Proc., 28 U.S.C. The law of Pennsylvania, while permitting labor unions to sue or be sued as entities, does not allow class suits to be maintained by or against them. See note 3 of our original opinion. Pa.R.C.P. 2230(a), 12 P.S.Appendix; [1] 1 Goodrich-Amram Standard Pennsylvania Practice § 2152–2. Accordingly, we held that the unincorporated associations involved in the cases at bar could sue or be sued only as entities in the court below. For purposes of diversity jurisdiction the citizenships of the members of the respective unincorporated associations involved in the cases at bar have to be shown to be diverse. We held that the court below lacked jurisdiction because diversity of citizenship was not made to appear and the lack of diversity was shown affirmatively.[2]

The plaintiffs-appellants contend that Rule 17(b) was intended to broaden the scope of federal jurisdiction by overcoming obstacles relating to capacity.[3] We cannot agree. It is true that when a substantive right conferred by federal law would be impaired otherwise, Rule 17(b) (1) was designed to permit an unincorporated association to be dealt with as an entity or as a class, even though the state court of the forum would refuse to

so deal with the unincorporated association. Clark and Moore, "A New Federal Civil Procedure," 44 Yale Law J. 1291, 1315; United Mine Workers of America v. Coronado Coal Co., 1922, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975. But as to cases in which jurisdiction is based upon diversity, as the Court of Appeals for the District of Columbia Circuit stated in Fennell v. Bache, 1941, 74 App.D.C. 247, 123 F.2d 905, 906; "The purpose of the rule [Rule 17(b)] is to keep or bring the procedure of the federal courts in conformity with that of the courts of the state in which the district court is held, as respects the capacity of partnerships or unincorporated associations for suing and being sued, except when the state court follows the common law and a federal substantive right is involved." It follows, therefore, that where a question of capacity to maintain suit in the district court arises, that capacity must be determined by the law of the state in which the district court is sitting, since the cause of action is of a local rather than of a distinctly federal character.

The plaintiffs-appellants contend, however, that such decisions as Montgomery Ward & Co. v. Langer, 8 Cir., 1948, 168 F.2d 182 and International Allied P. T. Ass'n v. Master P. Union of New Jersey, D.C.N.J.1940, 34 F.Supp. 178 require a different conclusion. There is no question but that in those cases where jurisdiction based on diversity would be defeated by a suit by or against the unincorporated association as an entity that obstacle may be hurdled by the use of a class action, by a suit brought by or against representative members whose respective citizenships are diverse from those of the opposing

---

1. Note of the Procedure Rules Committee to Rule 2230(a):
   "Suits by or against unincorporated associations are not to be brought as class suits under this rule. Such suits are now regulated by Pa. R. C. P. Nos. 2152 and 2153." 1 Goodrich-Amram Standard Practice, § 2230.

2. Except as to that portion of the suit at C. A. No. 14,398 in the court below in which Underwood sued Maloney individually.

3. In this connection we point to the provisions of Rule 82, Fed.R.Civ.Proc. 28 U.S.C.: "Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

parties. But in the cases just cited class actions by and against unincorporated associations were not prohibited by the law of the states in which the district courts were sitting. In states where an unincorporated association can neither sue nor be sued as a class, it necessarily follows that the individual members of an association lack the capacity to sue or to be sued as class representatives of the unincorporated association.

 In the Commonwealth of Pennsylvania, as we have said, an unincorporated association, or the members thereof, cannot be subjected to a class suit. Suits by or against unincorporated associations in Pennsylvania can be maintained only as provided by Rules 2152 and 2153 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Pa. The employment of the methods prescribed by the Pennsylvania rules cited is not permissive but is mandatory and exclusive.[4] Since under the law of Pennsylvania individuals lack the capacity to be sued as class representatives of an unincorporated association, they have no such capacity in the federal courts. 3 Moore, Federal Practice, para. 17.18. It cannot be said that Rule 23(a) which permits class actions generally, does so irrespective of the lack of capacity of the named representatives to sue or be sued under Rule 17(b). It follows that Rule 23(a) cannot aid the plaintiffs-appellants in maintaining jurisdiction in the cases at bar. We adhere to our original ruling.

(2) The plaintiffs-appellants also seek modification of our judgment in respect to the imposition of costs. It would seem fair to divide the costs between the plaintiffs-appellants and the appellees. Orders to that effect will be entered.

(3) When the plaintiffs-appellants filed the petition for rehearing they were unaware that this court did not vacate the injunctive relief heretofore granted by us by the injunction entered on June 12, 1957 at our Nos. 12,267 to 12,270, inclusive. While our opinion stated that the injunction would be vacated it is not our intention to do so until the litigations are terminated either by failure to apply for writs of certiorari, denials of certiorari, or final disposition of the litigations by the Supreme Court of the United States.

Orders will be entered denying the prayers of the petition for rehearing, save only as to costs, as indicated above.

4. While it is true that in most states statutes which permit suits by or against an unincorporated association are permissive, this is not so in Pennsylvania. It should be pointed out that the word "shall" is employed in Rule 2152. And while Rule 2153 states that: "[I]t shall be sufficient to name as defendant either the association by its name * * * or any officer of the association as trustee ad litem for such association" this is still restricted to an action against the association as an entity. What is more, any question as to the permissive nature of these rules is eliminated by the notes of the Procedural Rules Committee to Rule 2230(a) which precludes any suit by or against the association or its members as a class. See note 1, supra.