Charles NEDD, Albert Kocher, and Anthony Ganly, Members of the Pensioned Anthracite Coal Miners Protest Executive Committee, suing on behalf of Themselves and All Other Members of the Class of Pensioned Anthracite Coal Miners and Widows of Deceased Pensioned Anthracite Coal Miners, Plaintiffs,

v.

UNITED MINE WORKERS OF AMERICA, an unincorporated trade union association, Philadelphia, Pennsylvania, Defendant.

Civ. A. No. 33032.

United States District Court
E. D. Pennsylvania.

Dec. 11, 1963.

William Bruno, and James S. Palermo, Philadelphia, Pa., for plaintiffs.

Charles A. Wolfe, and Thomas N. O'Neill, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Welly K. Hopkins, Washington, D. C., for defendant.

GRIM, District Judge.

Representing approximately 23,000 pensioned anthracite coal miners and widows of pensioned anthracite coal miners, plaintiffs have brought this action averring that from 1946 to 1959 the defendant, United Mine Workers of America, entered into five agreements with the Anthracite Mine Operators under which the Operators agreed to make certain royalty payments on each ton of anthracite coal produced by them, the payments to be placed in a Health and Welfare Fund to provide benefits for pensioned miners and widows of pensioned miners. It is averred further that large sums of money, believed to be in excess of ten million dollars, which should have been paid by the Operators under the terms of these agreements, have not in fact been paid. Plaintiffs assert that the United Mine Workers of America has failed to carry out the terms of the agreements in that it has failed to collect all the royalty payments due

and they demand judgment against the defendant, United Mine Workers of America, in an amount equal to the total sum of the delinquent royalty payments.

The action has been brought on an assertion of diversity of citizenship. Defendant has filed a motion to dismiss contending that there is no diversity of citizenship between the parties and that, consequently, this court lacks jurisdiction.

Plaintiffs' assertion of diversity jurisdiction is expressed in their complaint and amended complaint as follows:

"1. Plaintiffs CHARLES NEDD, ALBERT KOCHER and ANTHONY GANLY are citizens and residents of the State of Pennsylvania as are almost all of the other members of the Class of Pensioned Anthracite Coal Miners and Widows of Deceased Pensioned Anthracite Coal Miners.

"2. Defendant, UNITED MINE WORKERS OF AMERICA is an unincorporated trade union association which has its principal office and place of business at the United Mine Workers Building, 900 Fifteenth Street, N.W., Washington, D. C.

\* \* \* \* \* \*

"20. Plaintiffs allege that for the purpose of federal court jurisdiction the citizenship of the defendant United Mine Workers of America is Washington, D. C."

Rule 23 of the Federal Rules of Civil Procedure provides:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when \* \* \* there is a common question of law or fact affecting the several rights and a common relief is sought."

The three plaintiffs have sued on behalf of the class of pensioned miners and widows under this rule. Following Rule 17(b) of the Federal Rules of Civil Procedure which provides that "\* \* \* capacity to sue or be sued shall be determined by the law of the state in which the district court is held \* \* \*.", plaintiffs sued the defendant unincorporated association as an entity in accordance with Rule 2153(a) of Pa.Rules of Civil Procedure, which provides that "(i)n an action prosecuted against an association it shall be sufficient to name as defendant \* \* \* the association by its name \* \* \*."

Procedurally plaintiffs have brought their action correctly, but in a diversity case proper procedure is not enough to establish jurisdiction. For jurisdictional purposes an unincorporated association, which has sued or has been sued as an alleged entity, must be dissected to see who the citizens are who compose it. Underwood v. Maloney, 256 F.2d 334 (3d Cir. 1958).

An uncontradicted affidavit filed by defendant's president states that defendant association has a membership of approximately 220,000, of which number approximately 96,000 are citizens of the state of Pennsylvania. It is clear, therefore, that in this case more than forty per cent of the members of defendant unincorporated association are citizens of the same state as plaintiffs. The fairly simple question in the case therefore is: Does a United States District Court have jurisdiction in a case where a substantial proportion of the membership of a defendant unincorporated association is composed of citizens of the same state as that of the plaintiff or plaintiffs?

The question here has been stated and decided very clearly in Underwood v. Maloney, 256 F.2d 334 (3d Cir. 1958) where this jurisdictional issue was before the Court of Appeals for the Third Circuit. In that opinion it was stated:

"Jurisdiction nonetheless must be established and for jurisdictional purposes the citizenship of an unincorporated association is determined by the citizenship of its members. Therefore, where jurisdiction is

sought to be founded on diversity of citizenship, the action being by or against an unincorporated association, as it must be applying the law of Pennsylvania which obviates class suits, the citizenships of the individual members of the unincorporated association must be shown to be wholly diverse from that of the opposing party or those of the opposing parties. * * * " Underwood v. Maloney, supra, 256 F.2d at 338.

Because many of the individual members of defendant association are citizens of the same state as that of the plaintiffs, the citizenships of the opposing parties here are not "wholly diverse", nor indeed are they even close to being wholly diverse. Defendant's motion to dismiss, therefore, must be granted. This result to be sure makes it difficult for some unincorporated associations such as large labor unions to sue or be sued in diversity cases and the result therefore in some respects is not very satisfactory. See Note, 68 Yale L.J. 1182 (1959). The Supreme Court has recognized this problem and, in reference to this same defendant labor union, has said:

> " * * * [A]n extensive financial business is carried on, money is borrowed, notes are given to banks, and in every way the union acts as a business entity, distinct from its members. No organized corporation has greater unity of action, and in none is more power centered in the governing executive bodies." [1]

United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 385, 42 S.Ct. 570, 574, 66 L.Ed. 975 (1922).

However, these considerations do not alter the fact that the rule for determining the citizenship of an unincorporated association remains as stated in Underwood v. Maloney, 256 F.2d 334 (3d Cir. 1958). Plaintiffs almost concede that the present case is controlled by the decision in Underwood, but they argue in their brief that " * * * the time has come for a reappraisal of the 'citizenship' of unincorporated associations concept." This contention may be correct, but the question has been passed upon clearly by the Court of Appeals for this Circuit and it is not the province of this District Court to question the result achieved by the Court of Appeals. The concept of labor union citizenship is so tied up with policy considerations both as to the place of unions in our society and the role of diversity jurisdiction in our federal system that if existing case law is to be changed it should be done in a forum other than a trial court.

### ORDER

And now, December 11, 1963, defendant's motion to dismiss is granted and plaintiffs' action is dismissed.

---

[1] The Coronado case involved a suit against the union under the Sherman Anti-Trust Act and hence is not dispositive of the problem in the present diversity case.