**AFFIE, INC., et al., Plaintiffs,**

v.

**NUREL ENTERPRISES, INC., et al., Defendants.**

**Civ. A. No. 83–3530.**

United States District Court,
District of Columbia.

Sept. 21, 1984.

P. David Gavin, Silver Spring, Md., for plaintiffs.

Milton D. Jernigan, II, Greenbelt, Md., for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiffs, Affie, Inc. (Affie), Jafar Z. Shahidi, Affie Z. Shahidi, and Jafar Hair,

Limited, bring this diversity action for breach of contract, tortious interference with contractual relationship, and common law defamation. Named as defendants are Nurel Enterprises, Inc. (Nurel), R. Lawson Hanks, Eldridge E. Short, and The 1770 G Street Limited Partnership (Partnership). Defendants Nurel, Hanks, and Short have counterclaimed against plaintiffs for breach of contract, and have cross-claimed against defendant Partnership for breach of contract. This case is currently before the Court on the motion of defendant Partnership to dismiss and for sanctions, and the motion of plaintiffs for default judgment against Partnership.

The pertinent facts giving rise to this suit are that on October 7, 1982, plaintiff Affie and defendant Nurel entered into a written agreement whereby Nurel agreed to sell to Affie the business and assets of a beauty salon/hair salon known as "Class of 2000" located at 1776 G Street, N.W. As a condition precedent to the contract of sale, Nurel was to arrange for the assignment of the lease on the premises to Affie. At the time the contract was signed, Nurel leased the premises from the Partnership. Following the sale of the assets of the business, assignment of the lease was not effected and the instant suit resulted.

The Court first turns its attention to the motion of Partnership to dismiss. In support of that motion, Partnership contends that the action against it should be dismissed for failure of plaintiff to effect service on Partnership and because the Court does not have subject matter jurisdiction because of lack of complete diversity. In addition, Partnership asks for sanctions against plaintiff and its counsel including attorneys' fees incurred in connection with Partnership's motion to dismiss.

The facts relevant to Partnership's motion to dismiss are that on November 28, 1983, the instant action was filed against the above-named defendants. In the complaint, plaintiff Affie, Inc. is alleged to be a corporation organized under the laws of the District of Columbia. Defendant Partnership is a limited partnership whose general partners, Robert T. Foley and the Robert T. Foley Company, are both citizens of the District of Columbia for jurisdictional purposes. Plaintiffs attempted to serve Partnership by mailing the summons, complaint and a notice and acknowledgment of receipt of summons to Mr. Foley, who is identified in the complaint as the "Registered Agent" of the Partnership. Believing that service of process in the District of Columbia cannot be effected on a partnership by serving a registered agent, and after being advised by the Office of the Clerk of the District Court that objections to the sufficiency of service might be waived if Mr. Foley executed the notice acknowledging receipt of summons, counsel for Mr. Foley and the defendant Partnership returned the notice to plaintiffs' counsel, unsigned, with a letter explaining why counsel believed service could not be effected on the defendant Partnership through Mr. Foley.

Rule 4(d)(3) permits service upon a partnership by delivering a copy of the summons and complaint to a general agent of the partnership only if the partnership "is subject to suit under a common name." Under Fed.R.Civ.P. 17(b), capacity to sue a partnership in its common name under diversity jurisdiction is determined by the law of the forum. In the District of Columbia, a partnership may not be sued in its common name. *Day v. Avery*, 548 F.2d 1018, 1022 (D.C.Cir.1976), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977). Since there is no statute in the District of Columbia permitting suit by or against a partnership in its common name, and since by the common law of the District of Columbia a partnership is not a jural entity capable of suing or being sued, plaintiffs' attempt to effect service on the defendant Partnership by serving Robert T. Foley in his capacity as a "Registered Agent" of the Partnership was improper under the Federal Rules. Rather, the action must be brought in the names of the partners, with service of process upon them individually. *Matson v. Mackubin*, 57 F.2d 941 (D.C.Cir.1932).

Mr. Foley refused to accept service for Partnership and did not execute the notice and acknowledgment of receipt of summons, but rather returned the notice unsigned to plaintiffs' counsel with an explanation of his refusal to accept service. Under Rule 4(c)(2)(C)(ii), if an executed acknowledgment of service is not received by the sender within 20 days after the date of mailing, personal service of such summons and complaint shall be made by a person over the age of 18 or by a United States marshal.

Plaintiffs have not attempted any further service. Rather, plaintiffs have moved for default judgment against Partnership. Plaintiffs contend that the Partnership has been properly served; that the clear meaning and purpose of the rules is to insure that the defendants have proper knowledge of the action and the opportunity to respond; and that the letter from defendant Partnership's counsel to plaintiffs' counsel explaining why Mr. Foley did not accept service for Partnership is proof that Partnership was served and had notice and opportunity to respond.

■ The Court finds no merit in the contentions of plaintiffs. Clearly, under the law of the District of Columbia which is applicable to this case, a partnership cannot sue or be sued as a separate entity. *Fennell v. Bache*, 123 F.2d 905 (D.C.Cir.1941), *cert. denied*, 314 U.S. 689, 62 S.Ct. 359, 86 L.Ed. 551 (1941). The Court finds that nearly ten months have elapsed since the filing of the complaint in this case and still the plaintiffs have not corrected the deficiencies in the complaint in order to properly bring the Partnership into this case. Rule 4(j) of the Federal Rules of Civil Procedure provides that:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initia-

tive with notice to such party or upon motion.

Plaintiffs have not presented the Court with any showing of good cause why proper service was not made within 120 days as required by Rule 4(j). Discovery in this case is now completed and the trial is scheduled for October 23, 1984. In view of the plaintiffs' failure to take any further steps to bring the defendant Partnership into this case and because trial is imminent, the complaint as against the defendant The 1770 G Street Limited Partnership must be dismissed.

Having determined that the complaint as against Partnership must be dismissed because a partnership may not sue or be sued in the District of Columbia, the Court need not address the claim of Partnership that the suit against Partnership must be dismissed for lack of complete diversity.

The Court next turns its attention to the motion of plaintiffs for default judgment against Partnership. Having determined that the complaint against Partnership must be dismissed, the plaintiffs' motion for default judgment against defendant Partnership must be denied as moot.

■ Finally, the Court next turns its attention to the motion of Partnership for sanctions against plaintiffs. It is well established that in narrowly defined circumstances federal courts have inherent power to assess attorneys' fees against counsel. The general rule is that a litigant cannot recover his counsel fees, but that rule does not apply when the opposing party has acted in bad faith, including bad faith in the conduct of the litigation. In view of the court's power over members of its bar, if it may tax counsel fees against a party who had litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. However, in this case, the Court does not find that the conduct of plaintiffs' counsel constituted or was tantamount to bad faith, a finding that should precede any sanction under the court's inherent powers. *Roadway Express, Inc. v. Piper, et al.*, 447 U.S.

752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Therefore, the motion of the defendant The 1770 G Street Limited Partnership for sanctions and attorneys' fees must be denied.

An Order consistent with this Memorandum Opinion will be entered this date.