**Linda D. ANDERSON, Plaintiff,**

v.

**William M. HALL, Sandy V. Lee, Edwin L. Harvey, and Lee & Harvey, Defendants.**

**Civ. A. No. 89–1100 (SSH).**

United States District Court, District of Columbia.

Jan. 3, 1991.

Karl W. Carter, Jr., Washington, D.C., for plaintiff.

Edwin H. Harvey, Washington, D.C., for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion to dismiss of defendants William M. Hall, Sandy K. Lee, Edwin L. Harvey, and Lee & Harvey, on the motion of plaintiff to permit discovery as to the indispensable party aspect of defendants' motion to dismiss, and on the Court's *sua sponte* motion to dismiss for insufficient service of process.

### Background

For purposes of this motion to dismiss, the following facts alleged by plaintiff are taken as true. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir.1985). Plaintiff was struck in the mouth by one Roger Clark following a date gone awry. She filed a criminal complaint, and a Maryland state court ordered Clark to pay her medical bills. To further recover for her injuries, plaintiff wished to pursue civil remedies for Clark's tortious conduct. Through defendant Hall, an associate at the law firm of Lee & Harvey of which the individual defendants Lee and Harvey are partners, she retained Lee & Harvey to represent her in a civil action against Clark. However, defendants failed to file an action before the expiration of Maryland's one-year statute of limitations.

To recover for damages resulting from defendants' alleged failure to file a lawsuit, plaintiff has filed this action alleging negligence, breach of contract, and breach of fiduciary duty. She also alleges negligent supervision on the part of defendants Lee and Harvey for their alleged failure to properly supervise defendant Hall. Plaintiff has also named the partnership itself, Lee & Harvey, as a defendant.

Karl Carter was plaintiff's attorney at the time the complaint was filed.[1] Don King, now a member of Carter's law firm, and Carter were both employees of Lee & Harvey at the time plaintiff allegedly retained the firm. Defendants contend that at all times relevant to plaintiff's claim, throughout the one-year statute of limitations period, Carter and King were the only Lee & Harvey employees who were ever in possession of plaintiff's file. Defendants further contend that they expressly told both King and Carter not to accept plaintiff's tort claim, and to advise her of the one-year statute of limitations. Any improper handling of plaintiff's case, defendants reason, resulted from the conduct of King and Carter. Defendants also suggest that the lawsuit presently before the court was brought by Carter to harass Lee & Harvey for the circumstances surrounding his departure from that firm.[2]

## Discussion

Defendants have moved to dismiss the complaint on several grounds, pursuant to Federal Rule of Civil Procedure 12(b). They allege lack of subject matter jurisdiction, insufficient service of process, failure to join indispensable parties, and failure to state a claim upon which relief can be granted.

### Lack of Subject Matter Jurisdiction

Defendants contend that there is no complete diversity, as required under 28 U.S.C. § 1332, because plaintiff, a citizen of the District of Columbia, has named a District of Columbia partnership, Lee & Harvey, as a defendant.

 Unlike corporations, which are fictitious entities recognized by the state, partnerships have no legal existence in the District of Columbia, and are not jural entities capable of suing or being sued. *Affie, Inc. v. Nurel Enters., Inc.*, 607 F.Supp. 220, 221 (D.D.C.1984). Thus, plaintiff's claim against the partnership must be dismissed, and the diversity question is irrelevant. *See id.* at 222 (dismissal of claim against defendant partnership made motion to dismiss for lack of diversity jurisdiction immaterial). Accepting plaintiff's uncontested allegations that the remaining three defendants are Maryland citizens, and that plaintiff is a citizen of the District of Columbia, diversity jurisdiction remains intact.

### Insufficient Service of Process

Defendants move for dismissal of the claims against the individual defendants Lee and Harvey on the grounds of insufficient service of process.[3] The defendants contend that service was not sufficiently prompt because they had not been served as of the time that the motion to dismiss was filed. Federal Rule of Civil Procedure 4(j) provides only that defendants must be served within 120 days after the filing of a complaint. However, defendants filed their motion to dismiss less than three weeks after plaintiff filed her complaint. Thus, defendants' motion was premature. According to the record now before the Court, however, defendant Lee was served within the 120–day limitation, but defendant Harvey was not.[4] Unless plaintiff is able to show good cause why Harvey was not served within the 120–day period, the claim against Harvey will be dismissed.[5]

---

1. Carter withdrew as plaintiff's counsel on May 19, 1989, 25 days after filing the complaint. Plaintiff's present counsel took over the case at that time.

2. Defendants indicate that Carter is currently under investigation for misconduct occurring after he left Lee & Harvey including, *inter alia,* continuing to use Lee & Harvey's stationery.

3. Because plaintiff's claim against the partnership is dismissed, the question of whether it was properly served is moot.

4. Plaintiff filed her complaint on April 24, 1989. Lee was served on July 18, 1989, 84 days later. Harvey was served on October 27, 1989, 165 days later.

5. Defendants have not raised the issue of 12(b)(5) dismissal for failure to serve within 120 days under Federal Rule of Civil Procedure 4(j). Defendants' motion seems based on other grounds completely, as the motion was made within the 120–day period. The Court notes, however, that such matters may be raised *sua sponte* by the Court. *See Smith–Bey v. Cripe,* 852 F.2d 592, 593 (D.C.Cir.1989). Dismissal at

*Failure To Join Indispensable Parties*

█ Defendants contend that plaintiff has failed to name two former Lee & Harvey employees, Carter and King, who should be joined as defendants to this action.[6] Defendants assert that neither of these parties may be joined because they are both District of Columbia residents and would destroy the Court's diversity jurisdiction. Accordingly, defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7). Plaintiff responds that it is unclear from the record before this Court whether either King or Carter is indispensable, and that discovery will be required to ascertain whether dismissal is warranted. The Court agrees.

Rule 12(b) dismissal motions based on jurisdiction and other questions of fact often require discovery for resolution. *See Ziegler Chem. and Mineral Corp. v. Standard Oil*, 32 F.R.D. 241, 243 (N.D.Cal. 1962); *Greene v. Oster*, 20 F.R.D. 198, 199 (S.D.N.Y.1957). In particular, dismissal for failure to join indispensable parties often requires judicial consideration of matters outside the pleadings. *See Sims v. Mack Trucks, Inc.*, 407 F.Supp. 742, 743 n. 2 (E.D.Penn.1976).

Federal Rule of Civil Procedure 19 requires a showing by the defendants that failure to join King or Carter would prejudice the defendants such that the action should not, in equity and good conscience, proceed. Defendants contend that Carter has clearly filed this lawsuit to harass his former employer, Lee & Harvey. They furthermore assert that any improper conduct by Lee & Harvey with respect to the failure to file plaintiff's intentional tort claim was that of Carter and of King. The record before the Court does not sufficiently support such an inference at this time. Defendants' motion to dismiss is based on the factual issue of whether Carter and King are indispensable because they are the proper defendants to this action. This determination will require discovery.

*Failure To State a Claim Upon Which Relief Can Be Granted*

█ Defendant argues that plaintiff has failed to state a claim upon which relief can be granted for two reasons. First, they argue that defendants Lee and Harvey are both licenced to practice in the District of Columbia, and cannot, therefore, be held liable for improperly supervising defendant Hall, a Maryland attorney. Negligent supervision is recognized as a valid cause of action in the District of Columbia. *See, e.g., International Distrib. Corp. v. American Dist. Tel.*, 569 F.2d 136, 139 (D.C.Cir. 1977); *cf.* Restatement (Second) of Agency § 213(c) (1958). Defendants do not provide the Court with any legal support for their position, and the Court fails to understand the significance they attach to the fact that defendants Lee and Harvey are Maryland attorneys.

Second, defendants argue for dismissal on the basis of an alleged conflict of interest between Carter and the other parties, and on the basis of alleged fraud and deceit in the complaint. Carter, on behalf of plaintiff, brought this complaint against members of his old law firm, Lee & Harvey. Defendants contend that Carter himself is at least partially at fault for the failure to bring plaintiff's tort claim before the expiration of the statute of limitations. Defendants argue that Carter signed the complaint in this action, despite his apparent interest in the action, and with knowledge that he was at fault for the conduct he was attributing to the defendants. They contend, therefore, that the complaint should be dismissed.

Viewing the pleadings in the light most favorable to the plaintiff, as this Court is required to do in a Rule 12(b)(6) motion, *Doe*, 753 F.2d at 1102, plaintiff has stated a legally cognizable claim, and it cannot be defeated by defendants' bare assertion of fraud.

this point would be premature, however, because the plaintiff has not been given sufficient opportunity to show "good cause" for late service, as she is permitted to do under the rule. *Id.*

6. Defendants furthermore contend that, in fact, these two are the only proper defendants to the action at all.

As to defendant's conflict of interest concerns, Carter withdrew as plaintiff's counsel. Concerns of conflict, and defendants' allegations of fraud in general, are more properly the subject of inquiry under Federal Rule of Civil Procedure 11.[7]

Accordingly, defendants' motion to dismiss plaintiff's complaint is denied, except as to the indispensable party issue, and, as to it, plaintiff's motion to conduct discovery on the question of dismissal for failure to join indispensable parties is granted. However, plaintiff must, within 14 days, show good cause for failing to serve defendant Edwin L. Harvey within 120 days after filing her complaint, as is required by Federal Rule of Civil Procedure 4(j).

7. Defendants have, in fact, filed a motion for Rule 11 sanctions against Carter and against plaintiff's present counsel.