**Deloris Best PRITCHETT, Appellant,**

v.

**Lee STILLWELL t/a A & A Snow Removal Co., Appellee.**

No. 90–1253.

District of Columbia Court of Appeals.

Argued Feb. 27, 1992.
Decided March 17, 1992.

Mary Jo Broussard, with whom Henry E. Weil, Rockville, Md., was on the brief, for appellant.

Daniel J. Blum, with whom Louis Fireison, Bethesda, Md., was on the brief, for appellee.

Before FERREN, SCHWELB and FARRELL, Associate Judges.

FERREN, Associate Judge:

This is an appeal from a Superior Court order granting summary judgment for the defendant in a personal injury action. The court ruled that the plaintiff's amended complaint, correcting the defendant's name, was barred by the statute of limitations because it did not "relate back" to the date of the original complaint within the meaning of Super.Ct.Civ.R. 15(c). Contrary to the trial court's ruling, we conclude that plaintiff-appellant's amended complaint did not change the party against whom she asserted her claim and that the relate-back provision of the second sentence of Super.Ct.Civ.R. 15(c) is therefore inapplicable. Accordingly, the statute of limitations does not bar appellant's action. We reverse and remand.

I.

Appellant Pritchett was injured on January 27, 1987, when she slipped and fell on ice and snow in the employee parking lot of the United States Postal Service facility at 900 Brentwood Road, N.E. She filed her original complaint on December 21, 1989, and gave the following information in designating the "Defendant" party in the case caption:

A & A SNOW REMOVAL CO.
5514 Johnson Avenue

Bethesda, Maryland 20817–3518 (Serve: LEE STILLWELL, PRESIDENT).

The Johnson Avenue address is appellee Stillwell's home address.

In her complaint, Pritchett alleged that: in 1987 "A & A Snow Removal" had been under contract with the United States Post Office to remove ice and snow from its employee parking lot at the Brentwood Road facility; "the Defendant" had the duty to exercise reasonable care in its ice and snow removal; "the Defendant" breached its duty on January 27, 1987; and as a direct and proximate result of that breach, Pritchett had fallen and injured herself. Appellant claimed $500,000 in damages. After numerous unsuccessful attempts to obtain service on Lee Stillwell at both his residence and place of work, the process server finally served the summons and complaint on Stillwell's mother on March 28, 1990, at Stillwell's home address.

On August 3, 1990, Stillwell responded with a motion to dismiss, asserting that "A & A Snow Removal Company" was not a corporation and that under District of Columbia law a business may not be sued in its "common name." On August 8, Pritchett filed an amended complaint identifying "LEE STILLWELL T/A A & A SNOW REMOVAL CO." as the defendant. Counsel for Stillwell accepted service. On August 9, Stillwell filed a motion for summary judgment, arguing that Pritchett's action was time barred under the three year statute of limitations, D.C.Code § 12–301(8) (1989). Specifically, Stillwell contended that, based on the date of the amended complaint, August 8, 1990, "Stillwell was not named as a defendant until more than three years after the cause of action accrued" on January 27, 1987. Therefore, according to Stillwell, under Super.Ct.Civ.R. 15(c) "[t]he amended complaint does not relate back to the original date of filing," December 21, 1989.

In his affidavit attached to the memorandum of points and authorities in support of the motion, Stillwell admitted that in 1987 he owned and operated a sole proprietorship "known as A & A Snow Removal" and that A & A was under contract to perform snow removal services for the Postal Service at 900 Brentwood Road, N.E. He also stated that he first saw a copy of Pritchett's complaint and summons "in March, 1990," and that this was the first notice he had ever received that Pritchett "had allegedly been injured."

Without a hearing and in a one sentence order dated September 7, 1990, the trial court granted Stillwell's motion for summary judgment, citing *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), and stating: "Lack of legal existence was a matter of public record at the Office of the Superintendent of Corporations."

## II.

Super.Ct.Civ.R. 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if* the foregoing provision is satisfied and, within the period provided by law for commencing the action *against the party to be brought in by amendment,* that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. [Emphasis added.]

The principle of "relate-back" in Rule 15(c) can be crucial to a party seeking to avoid the bar of an applicable period of limitation. *See Davis v. Potomac Elec. Power Co.,* 449 A.2d 278, 281 (D.C.1982). By its own terms, however, the second sentence of Rule 15(c) applies only when a party amends his or her pleading to change or

add an opposing party.[1]

There is, therefore, a two step inquiry courts ordinarily must undertake: did the amendment "change the party"?; and if so, did the amending party satisfy the notice requirements of 15(c)(1) and (2)? In response to the first question, Stillwell argued, and the trial court apparently agreed, that Pritchett in effect had substituted a new defendant in her amended complaint by inserting the name "Lee Stillwell" before the name "A & A Snow Removal." In response to the second question, the trial court cited *Schiavone v. Fortune, supra*, 477 U.S. at 21, 106 S.Ct. at 2379, which holds that the two notice requirements must be met within the applicable statute of limitations. Because we disagree that Pritchett had changed the party defendant, we do not reach the second question.

### III.

A mere correction of the name of the party being sued does not "chang[e] a party against whom a claim is asserted." Super.Ct.Civ.R. 15(a). That is to say, the second sentence of Rule 15(c) is not implicated when an amendment "merely corrects a misnomer." 6A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1498, at 130 (1990); *see also* 3 MOORE'S FEDERAL PRACTICE ¶ 15.08[5], at 15–91 (2d ed. 1991) (citing cases).[2] "A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect." C. WRIGHT, A. MILLER, & M. KANE, *supra*, at § 1498, at 130.

■ In her original complaint, Pritchett named Stillwell as the President of A & A Snow Removal and as the person to be served, and she placed Stillwell's name be-fore the identifier "Defendant." By naming A & A the defendant, and by serving the summons and complaint on Stillwell at his home address, Pritchett clearly intended to sue the party who contracted with the U.S. Postal Service for snow removal. It is undisputed that Stillwell is that party.

The Supreme Court's opinion in *Schiavone* does not preclude this common sense approach to the language of Rule 15(c). *Cf. Carlson v. Hennepin County*, 479 N.W.2d 50, 53 (Minn.1992) (plain meaning of "changing party" encompasses adding or substituting party). In *Schiavone*, three plaintiffs alleged that they had been libeled by an article published in "Fortune" magazine. The Fortune masthead clearly identified Time, Inc. as the "corporate entity responsible for the publication." *Id.* 477 U.S. at 28, 106 S.Ct. at 2383–2384; *see id.* at n. 6. Despite this, the plaintiffs named Fortune "without embellishment" as the defendant, and in the body of the complaint described "Fortune" as a corporation. 477 U.S. at 22–23, 106 S.Ct. at 2380–2381. Fortune, however, is only a trademark and the name of an internal division of Time, Inc. *Id.* 477 U.S. at 23, 106 S.Ct. at 2381. Thus, when the plaintiffs attempted to serve the complaint upon Time, Inc., its agent refused service because Time was not named as a defendant. *Id.* Based on these facts, the Court disagreed with the plaintiffs' argument that instituting the original action against "Fortune" was sufficient to name and provide adequate notice to the related entity "Time." The Court therefore concluded that the amended complaint naming "Fortune, also known as Time, Incorporated," changed the party within the meaning of Rule 15(c). *See id.* at 23, 28–29, 106 S.Ct. at 2381, 2383–2384. The Court then addressed the second question: whether the notice requirements of 15(c)(1) and (2) had been met. The Court concluded that

---

**1.** This court has also determined that there is a change of party and thus that the relate-back provision of Rule 15(c) applies when a plaintiff files an amended complaint alleging an essential legal capacity to sue which the plaintiff did not have at the time of the original complaint. *See Strother v. District of Columbia*, 372 A.2d 1291, 1297–98 (D.C.1977).

**2.** Super.Ct.Civ.R. 15(c) is an adoption without modification of the corresponding federal rule and "is to be given the same meaning." *Strother*, 372 A.2d at 1297 n. 15 (citing *Campbell v. United States*, 295 A.2d 498 (D.C.1972)); *see Davis*, 449 A.2d at 281.

the requirements had not been met and thus held the complaint time-barred. *See id.* at 29–32, 106 S.Ct. at 2384–2385.[3]

In contrast with the facts in *Schiavone*, Pritchett did "embellish" the name of the defendant in the caption of the original complaint: she named Stillwell and even requested service on him at his home address. Furthermore, as a sole proprietorship, the identity of A & A was the same as that of its owner, the appellee, who was identified as such in the original complaint: "Lee Stillwell, President." In a sole proprietorship, "a single natural person makes all the decisions [and] is personally responsible for payment of all debts of the business and is entitled to all profits.... The sole proprietorship is identified with the owner to the extent that the business either ceases or undergoes a fundamental change when the owner dies or retires...." A. BROMBERG & L. RIBSTEIN, BROMBERG AND RIBSTEIN ON PARTNERSHIP § 1.01, at 1:2 (1991). Unlike the situation in *Schiavone*, therefore, in this case there was no identity "confusion" as to who was being sued. *See Hafferman v. Westinghouse Elec. Corp.*, 653 F.Supp. 423, 429 (D.D.C.1986).

Stillwell claims that because A & A was not "a legal entity" capable of being sued, the addition of his name before the name of his company in the amended complaint "changed the party" within the meaning of Rule 15(c). He says that he is like Time, Inc., while A & A Snow Removal is like Fortune, in *Schiavone*. To support this proposition he cites *Affie, Inc. v. Nurel Enters. Inc.*, 607 F.Supp. 220 (D.D.C.1984), and *Day v. Avery*, 179 U.S.App.D.C. 63, 548 F.2d 1018 (1976), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977). Neither of these cases, however, deals with a sole proprietorship or Rule 15(c). In both *Affie* and *Day* the court held that an action against a partnership must be brought in the names of the individual partners, and service of process must be upon the individuals, not on the partnership. *See Day*, 179 U.S.App.D.C. at 68, 548 F.2d at 1022–23; *Affie*, 607 F.Supp. at 221.

■ The common law of this jurisdiction is that neither a partnership nor an unincorporated association may be sued in its own name. *See, e.g., Fennell v. Bache*, 74 App.D.C. 247, 248, 123 F.2d 905, 906, *cert. denied*, 314 U.S. 689, 62 S.Ct. 359, 86 L.Ed. 551 (1941). A sole proprietorship, however, is neither. *See generally* 7 C.J.S. *Associations* §§ 4–6 (unincorporated association is collection of persons united for collective purpose generally formed under common law right of contract; although not a partnership, association is rated as partnership so far as its capacity to be sued). Here we have only a sole owner and operator of a proprietorship involving no contractual agreement or charter among principals. Thus, in contrast with the sometimes complicated legal rules of identity (and hence

---

**3.** Because we conclude in this case that there was no change of party, we have no need to answer the second question whether the notice requirements of Rule 15(c)(1) and (2) were met. It is interesting to note, however, that the Supreme Court interpreted the modifying words giving meaning to 15(c)(1) and (2)—"within the period provided by law for commencing the action"—as the applicable statute of limitations. The Court thus held that, in order for an amendment changing the party to relate back, the new defendant must receive notice within the applicable statute of limitations period.

The Supreme Court's interpretation of that operative language—"within the period provided by law"—has drawn heavy criticism. A proposed amendment of the federal rules would make clear that the applicable notice period for "relate-back" is the period of time allowed for service of process under Rule 4(j) rather than the statute of limitations period, as the Court held in *Schiavone. See* Fed.R.Civ.P. 15, Proposed Amendment. The Rule 4(j) time limit for service is 120 days under the federal rules and 60 days under the Superior Court rules (which may be extended). The explicit intent of the federal Advisory Committee is to overturn the result in *Schiavone. See* Fed.R.Civ.P. 15, Notes of Advisory Committee on Proposed Rules (citing law review articles criticizing *Schiavone* ). We have no occasion to address directly whether we agree with, or must follow, the Supreme Court's decision in *Schiavone. But see Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 799 P.2d 801, 808 (1990) (declining to follow *Schiavone* interpretation of Rule 15(c) for sake of "uniformity"; holding that "within the period provided by law" means applicable statute of limitations plus time allowed for service of process); *Carlson, supra* at 55 (declining to follow *Schiavone* and finding identity of interest between original defendant and defendant named in amendment).

**890**

liability) important to the facts and issues of notice in *Day, Affie,* and *Schiavone,*[4] the question presented here is much simpler: when a sole proprietor is clearly identified in the caption of the original complaint and is the only person potentially liable under the plaintiff's cause of action, does moving the proprietor's name in front of the name of the sole proprietorship in the caption amount to "changing" the party defendant within the meaning of Rule 15(c)? We say no.

We conclude, therefore, that Pritchett's amendment making clearer in the caption what was already known to Stillwell—that Pritchett was suing him because he was the sole proprietor of a company that had contracted with the U.S. Postal Service for snow removal—did not "change the party" against whom Pritchett asserted her claim within the meaning of Rule 15(c). Because the second sentence of Rule 15(c) is inapplicable under these circumstances, we hold that the trial court erred as a matter of law in granting summary judgment to Stillwell.[5]

In so holding, we are mindful that Rule 15(c) is to be applied liberally, *see, e.g., Hartford Accident & Indem. Co. v. District of Columbia,* 441 A.2d 969, 972 n. 4 (D.C.1982), in order to further the rule's purpose: "to ensure that litigation be decided upon the merits rather than upon technical pleading rules." *Strother,* 372 A.2d at 1297; *see Keith v. Washington,* 401 A.2d 468, 470 (D.C.1979) (liberal criteria of Rule 15(c) especially relevant when plaintiff argues amendment is to clarify identity of existing party and not to add new one).

*Reversed and Remanded.*

---

4. *See generally* 18 C.J.S. *Corporations* § 401 ("As a general rule, a corporation can appear to defend litigation only in its corporate capacity, represented by its properly constituted officers."); 68 C.J.S. *Partnership* § 181 ("As a rule, when a partnership is answerable for the tort of any member, the liability of the partners is joint and several ... and, where persons who occupy relations to others as partners participate in the commission of an unlawful act, they have been held [jointly and severally] liable...."). The peculiar rules of partnership and corporation include special notice of suit requirements. *See* Super.Ct.Civ.R. 4(d)(3).

5. Because of our disposition of the case, we have no need to address the parties' remaining arguments.