**Jack G. MINER, Appellant,**

v.

**CSX TRANSPORTATION, INC., et al., Appellees.**

**No. 91–CV–1505.**

District of Columbia Court of Appeals.

Argued May 4, 1993.
Decided June 17, 1993.

---

Gregory M. Tobin, East Alton, IL, for appellant.

John J. Hathway, with whom James B. Sarsfield, Washington, DC, was on the brief, for appellees.

Before TERRY and WAGNER, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

The trial court dismissed appellant's personal injury action upon a motion to dismiss by appellees on the ground that it was time-barred because the statute of limitations had run.[1] We reverse.

The essential facts are not in dispute. Appellant placed his complaint in the hands of the clerk for filing *prior to* the running of the statute of limitations, but the court clerk rejected and returned it to appellant because prepared summonses for each defendant were not presented with it.[2] Appellant promptly prepared the summonses and again presented the complaint. The clerk did accept the later complaint for filing, but by then the statutory time for appellant to bring his personal injury action had run.

Appellees, in their motion to dismiss appellant's action, asserted that the complaint was not filed "within the applicable limitations period for the filing of such claims." [R. 21] In the legal memorandum appellees filed in support of their motion, [R. 37] they asserted that "the Complaint also was defective in that it was not signed by an attorney eligible to appear in this Court."[3] The trial court granted appellees' motion to dismiss, without a hearing, concluding that the "complaint is time barred" and that appellant had "filed a defective complaint because neither plaintiff nor a member of the District of Columbia bar signed it." [R. 64]

The first issue is whether under the particular circumstances here appellant filed his complaint within the three-year period of time set forth by the applicable statute of limitations. Concededly, he pre-

---

1. Count I of appellant's complaint against CSX Transportation, Inc. ("CSX") was brought pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (1988). Counts II and III against CSX and Consolidated Rail Corporation, respectively, were founded in common law negligence. [R. 6, 8, 10] The applicable limitations period under FELA is three years from the date of injury. 45 U.S.C. § 56. The limitations period for injury resulting from a defendant's negligence is also three years from the date of injury in both the District of Columbia (forum jurisdiction) and Maryland (situs jurisdiction). D.C.Code § 12–301 (1989 Repl.);

MD.CODE ANN., Cts. & Jud.Proc. § 5–101 (1989 Repl.).

2. Appellant was apparently unaware of the requirement in the trial court, which differs from the practice in the United States District Court, that the attorney rather than the clerk "prepare all necessary summonses." See Super.Ct.Civ.R. 4; compare FED.R.CIV.P. 4.

3. The only reason the clerk gave in his notice of rejection was that appellant had failed to include prepared summonses with the complaint.

sented his complaint for filing within the statutory limitation. Super.Ct.Civ.R. 3 provides that a "civil action is commenced by filing a complaint with the Court." This court in *Varela v. Hi–Lo Powered Stirrups, Inc.,* 424 A.2d 61 (D.C.1980) (en banc), recognized that Rule 3 "requires only the filing of a complaint to commence an action and thereby toll the statute of limitations; any questions as to a lack of diligence on the part of a plaintiff in obtaining service of process are to be addressed by means of a motion filed pursuant to Super.Ct.Civ.R. 41(b)." *Id.* at 70.

We pointed out in *Varela* that "any questions as to lack of diligence ... of a plaintiff in obtaining service of process" was not to impact upon the determination whether the complaint was timely. This is because, we noted, there exists a "completely different and separable array of considerations from the manner by which" an action is commenced and "service of process is to be made." *Id.* at 67–68.

Appellees attempt to distinguish *Varela,* asserting [Brief at p. 4]: "[t]his appeal is quite different, since it involves the adequacy of plaintiff's [appellant's] filing of his original action, not the adequacy of subsequent efforts to effect service of process." Implicit in appellees' argument is that a party cannot file its complaint to commence an action for the purpose of complying with the applicable statute of limitations unless and until such complaint is accompanied by a completed summons.

The rules of the Superior Court appear on their face to recognize that the filing of a complaint is a distinct and separate act from the delivery of a prepared summons. Thus, Rule 3 is entitled "Commencement of Action" whereas Rule 4 is entitled "Process." Rule 4 states, in pertinent part: "A prepared summons ... shall be *delivered* to the Clerk at the time the complaint is *filed.*" [Emphasis added.] Our decision in *Varela* drew a distinction, for purposes of applying the statute of limitations, between "filing a complaint" and "obtaining service of process." The delivery of the executed summons required by Rule 4 falls in the "Process" category. As such, appellant's

inability to effect service of his complaint at the time he filed it because he had failed to prepare summonses raised a consideration that is "different and separable" from the consideration of whether his complaint was timely filed.

Accordingly, we are constrained to conclude that the conscientious trial judge erred in dismissing appellant's action on the ground that the filing of his complaint, as distinguished from the effecting service of his complaint, occurred after the applicable statute of limitations had run. Whatever relief appellees may have been entitled to as a result of the failure of appellant to deliver completed summonses to the clerk, it should not have been a dismissal of the action commenced by the complaint as time-barred.

■ We turn now to the trial court's conclusion that appellant's action was time-barred because he had "filed a defective complaint" when he presented his complaint (without summonses) for filing. In the trial court's view, the complaint was defective because "neither plaintiff nor a member of the District of Columbia bar signed it." However, the record reflects that the attorney who did sign the complaint was a member in good standing of the bar of the Illinois Supreme Court.

Rule 101(a) of the Superior Court Civil Rules governing practice and appearance of attorneys is divided into three paragraphs. The third paragraph provides that an attorney in good standing of the bar of the highest court of any state "may enter an appearance, and file pleadings in this Court, and, if granted permission by the Court, may participate in proceedings in this Court, *pro hac vice,* provided that such attorney joins of record a member in good standing of the District of Columbia Bar...." Rule 101(a)(3) goes on to provide:

An attorney seeking permission to appear under this section shall file a praecipe.... The attorney shall also serve a copy of the praecipe on the District of Columbia Court of Appeals' Committee on Unauthorized Practice

....

Appellees urge [Brief at p. 9] that the correct reading of section 101(a)(3) is:

*Initially,* the attorney must file a praecipe containing the information required under the Rule and serve a copy of the praecipe on this Court's Committee on Unauthorized Practice. Once this praecipe, which must also be signed by local counsel, has been filed and served, the out-of-state attorney may *then* file pleadings and other papers in the case, provided such documents bear the signature of local counsel. [Emphasis added.]

However, we note that Rule 101(a) does not state that an attorney appearing on behalf of a complainant who is a member in good standing of an out-of-state bar *first* must file a *praecipe* before he can file pleadings. Therefore, we are not persuaded that Rule 101(a)(3) required the trial court to conclude appellant's complaint was defective and hence dismiss appellant's action as out of time.

We are mindful of the need to govern the appearance and practice of attorneys in our court who are not members of the D.C. Bar. *Brookens v. Committee on Unauthorized Practice of Law,* 538 A.2d 1120, 1124 (D.C.1988). There, we noted that in the case of a *pro hac vice* appearance "the contemporaneous entry of an appearance by a member of the District of Columbia Bar is required." *Id.* at 1124 n. 12.[4]

Here, the record does not contain an entry-of-appearance form by the attorney representing appellant who was a member of the D.C. Bar. However, the record reflects that the trial court did receive notice at the time the complaint was presented to the clerk for filing that the complainant was represented by two attorneys, one of whom was a member of the D.C. Bar and the other a member of the bar of the Supreme Court of Illinois. [R. 7, 9, 11] The clerk of the trial court did prepare an information sheet that listed the D.C. Bar

number of the lawyer representing appellant who was a D.C. Bar member. [R. 14] The record [R. 49] also contains a letter from the law firm representing appellant which accompanied the complaint when it was presented for filing. The letterhead listed, among others, the two attorneys who represented appellant and expressly noted that one of them was a member of the D.C. Bar.[5]

We have recognized that "the rules governing the appearance and withdrawal of counsel are designed to promote rather than frustrate the interest of fundamental justice," *Urciolo v. Urciolo,* 449 A.2d 287, 291 (D.C.1982). Under the circumstances we are persuaded that the trial court had in effect an entry of appearance by a D.C. Bar member on behalf of appellant at the time he presented his complaint to the clerk for filing.

We reverse the judgment and remand the case so that appellant's action may be reinstated.

*So ordered.*

---

**4.** Also, a case may be dismissed if an attorney engages in unauthorized practice of law in this jurisdiction. *J.H. Marshall & Associates, Inc. v. Burleson,* 313 A.2d 587, 592 (D.C.1973).

**5.** We note that the attorney representing appellant who is a member of the D.C. Bar has filed a delivery record receipt of Evidence in Support

of Plaintiff's Motion *Nunc Pro Tunc* in Opposition to Defendant's Motion to Dismiss, as well as a Notice of Appeal. Enclosed in the former motion was a receipt from Federal Express indicating that the complaint was initially filed with the clerk's office on May 16, 1991. [R. 40, 44]