*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-793

07/13/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

EVELYN FARMER-CELEY, APPELLANT,

v.

STATE FARM INSURANCE COMPANY,

and

MARK PRAY, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAV-10158-11)

(Hon. Anthony C. Epstein and Hon. Stuart G. Nash, Trial Judges)

(Submitted June 16, 2015                    Decided July 13, 2017)

*Craig D. Miller* and *Matthew P. Tsun* were on the brief for appellant.

*O'Neil S. King* and *Erin A. Hockensmith* were on the brief for appellee Mark Pray.

Before FISHER and THOMPSON, *Associate Judges*, and RUIZ, *Senior Judge*.

RUIZ, *Senior Judge*:  Appellant Evelyn Farmer-Celey brought a negligence action after she was injured in an automobile accident allegedly caused by appellee

Mark Pray, who was insured by State Farm Insurance Company. Pray moved for summary judgment, arguing that appellant's amended complaint, which was filed after the limitations period elapsed, did not relate back to the first, timely complaint. The trial court agreed and dismissed the complaint. We reverse and remand.

**I.**

Appellant's complaint alleged that on January 1, 2009, at the intersection of Southern Avenue and 13th Place, Southeast, Pray's vehicle struck the vehicle in which appellant was a passenger from behind. As a result of the collision, appellant suffered injuries to her back.

The complaint was filed on December 27, 2011, a few days before the limitations period expired on January 1, 2012. Appellant, who was proceeding pro se and is *in forma pauperis*, styled the caption of the complaint identifying the defendant as "State Farm Ins. Co. for Mark Pray, et al."[1] It appears Pray was in

_____

[1] The record contains two captions for the initial complaint, one typed and one handwritten. Both are dated December 27, 2011, and signed by appellant. The caption of the typewritten complaint reads:

Evelyn Celey
800 Southern Avenue S.E.
Washington, DC 20032

(continued . . .)

custody at the time. Appellant asserted in a motion and in an affidavit that she named two defendants in her first pro se complaint but that because she did not know Pray's address, only State Farm's address was noted on the complaint. State Farm represented in a motion to the court that it did not know Pray's address at the

_____

(. . . continued)

Mailing address:
1829 Oak Drive
Waldorf, MD 20914

Evelyn Celey,
                    *Plaintiff*,
          vs.

State Farm Insurance, for Mark Pray,
et al
Claim Number:  09-5135-154
Date of Loss:  January 1, 2009
Insured:  Mark Pray
                    *Defendant*

          The caption of the handwritten complaint reads:

Evelyn Farmer-Celey, Pro Se
800 Southern Ave. SE
Washington DC 20032
Mailing Address: 1829 Oak Drive
Waldorf, MD 20914      *Plaintiff*
                              vs.

State Farm Ins. Co for Mr. Mark Pray
MD Field Auto Claims
PO Box 953, Frederick, Md 21705-0953
                    *Defendants*

time. According to appellant's affidavit and motion, State Farm requested that she forward all documents to it because it is Pray's "authorized agent and legal representative."

On February 21, 2012, State Farm filed a motion to dismiss the claim against it, arguing that in this jurisdiction negligence actions must proceed directly against the tortfeasor, not the insurer, and that "Pray, the alleged tortfeasor, was never named as a defendant." Appellant responded by filing a motion for leave to amend the complaint to correct the ambiguity caused by her "administrative error." The trial court gave leave, on March 12, 2012, and ruled that "with the change in defendant" the amended complaint should be filed by March 23, and a new summons obtained, both of which needed to be served on Pray pursuant to Superior Court Civil Rule 4, because service of the initial complaint on State Farm did not suffice.

On May 9, 2012, appellant filed an amended complaint. The caption identified Pray as a defendant, "c/o Attorney & Legal Representative State Farm Ins. Co."[2] State Farm was also separately identified as a defendant. The trial court

---

[2] The handwritten amended complaint's caption reads:

Evelyn Farmer-Celey      *Plaintiff*

(continued . . .)

effectuated service[3] on both Pray and State Farm.[4] The amended complaint was left with Pray's mother, at her address in the District of Columbia; after no answer was filed, the trial court entered a default judgment against Pray. Upon learning of the default judgment, Pray successfully moved to vacate and to quash the service of process by arguing that delivery of the pleading at his mother's address was insufficient because he was not residing there as he was then imprisoned in Pennsylvania. It was through this motion that the trial court and appellant first learned where Pray was incarcerated. Pray was then served with the amended complaint at the place of his incarceration.

_____
(. . . continued)
800 Southern Ave # 1012
WDC 20032
*Mailing Address
1829 Oak Drive
Waldorf MD 20914

vs.

Mark Pray, et al
Claim #09-5135-154     *Defendants*

| c/o Attorney & Legal Representative | State Farm Ins. Co. |
|---|---|
| State Farm Ins. Co. | MD Field Auto Claims |
| MD Field Auto Claims | PO Box 953 |
| PO Box 953, Frederick, Md 21705-0953 | Frederick, MD 21705-0953 |

[3] It was the trial court's responsibility to effectuate service because of the appellant's *in forma pauperis* status. Super. Ct. Civ. R. 54-II (i).

[4] On June 26, 2012, the complaint against State Farm was dismissed for failure to state a claim. Appellant does not appeal dismissal of the complaint against the insurer.

On August 12, 2013, Pray filed a Rule 12 (b)(6) motion to dismiss, arguing that the amended complaint had added him as a defendant and was filed outside of the statute of limitations period. He claimed that he did not have notice of the initial complaint during the limitations period. Pray did not simultaneously raise a Rule 12 (b)(5) (insufficiency of service of process) motion arguing that the amended complaint was not properly served at the prison.

The trial court denied Pray's motion to dismiss on August 30, 2013, reasoning that it could not conclude, based only on the complaint, that Pray did not have timely notice, but stated that Pray could raise the statute of limitations defense on summary judgment. After completion of discovery, Pray moved for summary judgment on March 24, 2014, arguing that the amended complaint was time-barred. The trial court granted Pray's motion on July 7, 2014, concluding that appellant's amended complaint, filed outside of the limitations period, changed a party by substituting Pray as a defendant for State Farm and did not relate back to the initial complaint because Pray was not served and did not otherwise have sufficient notice of appellant's lawsuit within the limitations period.

## II.

Appellant argues that the trial court erred by granting summary judgment on the ground that her amended complaint was time-barred because her initial, timely complaint sufficed to name Pray as a defendant. Alternatively, she argues that the amended complaint, which sought only to clarify that Pray was a named defendant and the relationship between Pray and State Farm, related back to her initial complaint.

On appeal, we review the trial court's grant of summary judgment de novo, by the same standard the trial court was obligated to use to evaluate the motion. *See Young v. U-Haul Co.*, 11 A.3d 247, 249 (D.C. 2011). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation and internal quotation marks omitted). The sufficiency of a complaint is a question of law. *See Wilson v. Wilson*, 785 A.2d 647, 649-50 (D.C. 2001).

We review the claim on appeal in light of the text and judicial interpretation of the Superior Court Rules of Civil Procedure and their application to the complaints filed by the pro se litigant in this case. The formal requirements for a complaint are straightforward, and minimal, with "no technical forms of pleadings or motions . . . required." Super. Ct. Civ. R. 8 (e). The caption of the complaint must include the name of the court, the title of the action, and the name of the party on whose behalf the pleading is filed. Super. Ct. Civ. R. 10 (a). The title of the action "shall include the names of all parties." *Id*. Pleadings must also include the "full residence address, and unless the party is represented by counsel, the . . . telephone number, if any" of the party on whose behalf the pleading is filed. Super. Ct. Civ. R. 10-I (b). There is no requirement that the address or telephone number of the defendant be included in the complaint.

A complaint may be amended once as a matter of course before a responsive pleading is filed, or by leave of court which "shall be freely given when justice so requires." Super. Ct. Civ. R. 15 (a). The rules provide that an amended complaint "relates back to the date of the original pleading" in three circumstances. *Id*. at (c). If the "amendment changes the party or the naming of the party against whom a claim is asserted," it will relate back if "the claim or defense asserted . . . arose out of the [same] conduct, transaction or occurrence set forth in the original

[complaint]," *id*. at (c)(2), and the newly named party "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and [] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id*. (c)(3)(A)-(B). "There is, therefore, a two-step inquiry courts ordinarily must undertake: did the amendment 'change the party'? and if so, did the amending party satisfy the notice requirements . . .?" *Pritchett v. Stillwell*, 604 A.2d 886, 888 (D.C. 1992).

In applying rules of civil procedure we follow the express injunction that they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," Super. Ct. Civ. R. 1, and that "[a]ll pleadings shall be so construed as to do substantial justice." Super. Ct. Civ. R. 8 (f). Thus, "pleadings should be liberally construed in favor of the pleader," *Indus. Bank of Wash. v. Allied Consulting Servs.*, 571 A.2d 1166, 1167-68 (D.C. 1990) (referring to "inartfully drafted complaint"). It is long established that Rule 15 (c) is to be applied liberally, *Pritchett*, 604 A.2d at 890 (citing *Hartford Accident & Indem. Co. v. District of Columbia*, 441 A.2d 969, 972 n.4 (D.C. 1982)), "to further the rule's purpose: to ensure 'that litigation be decided upon the merits rather than upon technical pleading rules.'" *Id*. (quoting *Strother v. District*

*of Columbia*, 372 A.2d 1291, 1297 (D.C. 1977)).  Liberal application of Rule 15 is especially relevant when the purpose of an amendment is to clarify the "identity of an existing party and not to add a new one."  *Id.* (citing *Keith v. Washington*, 401 A.2d 468, 470 (D.C. 1979)).  The liberal application of rules of procedure and construction of pleadings is particularly apt in litigation pursued by a party without legal representation.  On matters involving pleadings, timeliness of filings, and service of process "*pro se* litigants are not always held to the same standards as are applied to lawyers." *MacLeod v. Georgetown Univ. Med. Ctr.*, 736 A.2d 977, 980 (D.C. 1999).

With these principles in mind, we consider whether the trial court erred in granting summary judgment based on its application of Rule 15 (c).  We conclude that the original complaint named Pray as a defendant and that the amended complaint thus did not change the name of the defendant.  Therefore, the relation-back requirements of Rule 15 (c) never came into play.

The original complaint was captioned "State Farm Ins. Co. for Mark Pray, et al.," and the trial court described the original complaint as naming "only State Farm as agent for Mr. Pray."  We disagree with the trial court's reading of the complaint.  Even if the manner in which appellant styled the caption, "for Mark

Pray," is unconventional, it expressly and correctly identified Pray by name in the part of the caption labeled "Defendant." See note 1 *supra*. The use of "for," moreover, is indicative that State Farm is the agent and Pray the real party in interest. Indeed, as State Farm acknowledged in its motion to dismiss, the allegations in the complaint made clear that the lawsuit sought to hold Pray liable for his alleged negligence and that State Farm was his agent.[5] Appellant's motion for leave to amend made clear that the purpose of the amendment was simply to correct an "administrative error" by clarifying that Pray was always intended to be a defendant; no new names were added to the complaint and the only difference was that the order in which Pray and State Farm were listed was inverted to more clearly show the relationship between the two. See note 2 *supra*. In effect, the

---

[5] Pertinent parts of the original complaint allege as follows: (1) "Mr. Mark Pray negligently rear ended Mr. Farmer's vehicle after Mr. Pray proceeded without yielding right of way to traffic in front of him at a stop light or the directive of the red traffic signal"; (2) "Mr. Pray and his representative from State Farm concede responsibility for the damages to the vehicle and liability for bodily injury to the passengers of the vehicle"; (3) "Mr. Pray grossly failed to drive reasonably or responsibly resulting in permanent injury to Ms. Celey by failing to maintain a safe distance, failing to come to a stop, failing to yield right of way to existing traffic ultimately rear ending a vehicle standing still in compliance with the traffic signal, a red stop light"; and (4) "Because of the nature and negligent, avoidable collision caused by Mr. Pray Ms. Celey believes that this Court should grant her punitive damages, pain and suffering, any lost wages as well as her current and future medical cost." The complaint alleges that Pray and State Farm "concede responsibility" for the property and personal injury damages, and that the parties had been in settlement negotiations. The complaint also stated that the "parties are D.C. residents." The complaint's recitation of underlying facts, assertion of the parties' residence in the District of Columbia, and use of the plural "concede responsibility," all indicate that Pray was sued as a defendant.

amended complaint explained that in the absence of an address for Pray, the "for" in the original complaint meant that the complaint was filed "c/o" State Farm as Pray's "attorney and legal representative." On its face the initial complaint met the requirements of Rule 10 because it named Pray and identified him as a defendant. Bearing in mind that pleadings are to be liberally interpreted in favor of the pleader and the caution we have expressed that technical procedural pleading requirements should not be used to thwart *pro se* litigants, we conclude that the initial complaint sufficed to name Pray as a defendant. As there was no "change" in the "name or naming" of Pray as the defendant in the amended complaint, there is no cause to inquire whether the relation-back principles of Rule 15 (c), *i.e.*, whether Pray had notice of the amended complaint during the limitations period, were satisfied. To come within the statute of limitations, it is enough that a complaint was filed with the court during the limitations period. *See* Super. Ct. Civ. R. 3; *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 69 (D.C. 1980) (en banc) (holding that "filing tolls the statute of limitations"). As the trial court dismissed the amended complaint as time-barred based on the incorrect conclusion that the initial timely complaint did not name Pray as a defendant, we reverse the grant of summary judgment.

We need not inquire into whether service of process on Pray was timely, "a

consideration that is 'different and separate' from the consideration of whether [the] complaint was timely filed," *Baba v. Goldstein*, 996 A.2d 799, 802 (D.C. 2010) (quoting *Miner v. CSX Transp., Inc.*, 626 A.2d 908, 910 (D.C. 1993)).[6] Pray challenged the sufficiency of service at his mother's address as a ground to vacate the default judgment, because he did not reside there as he had been convicted and was in custody. The trial court granted the motion and vacated the default order. Pray was served in prison. He then moved to dismiss on the pleadings, arguing that the amended complaint was time-barred, but he did not file a motion asserting that appellant had not acted diligently in effecting service. Thus, the question of the timing of service (as opposed to the timelinesss of the filing of the complaint) has not been preserved for appeal. *See District of Columbia Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.*, 997 A.2d 65, 73-74 (D.C. 2010) (objection to service of process will not be considered on appeal if not

---

[6] Citing *Pritchett*, the trial court relied on the facts that Pray's address was not included in the initial complaint, that he was not served with that complaint, and that State Farm was not Pray's agent for service of process. As noted above, none of these elements is required to be included in a complaint or to toll the statute of limitations. Moreover, *Pritchett* dealt with a different situation, where the complaint named a non-suable, unincorporated business and identified its suable sole proprietor as "President" for service of process. *Pritchett*, 604 A.2d at 888. The court in *Pritchett* considered that naming the business as the defendant was merely a "misnomer" that was corrected by the amended complaint — it did not change the party who had been served and was before the court. *Id.* In the present case, there was no change as there was no misnomer in the initial complaint.

raised in trial court).[7]

Having concluded that appellant's initial timely complaint named Pray as a defendant, we reverse the trial court's grant of summary judgment concluding that appellant's complaint against Pray was time-barred. The case is remanded for further proceedings.

*So ordered.*

---

[7] Had Pray filed a motion challenging the process served on him in prison, the trial court would have been obligated to determine whether appellant's failure to serve Pray within the time period set out in Rule 4 (m) should have been excused after taking into account the various factors we have set out for considering whether there is "good cause why the case should not be dismissed." Super. Ct. Civ. R. 41 (b); *see Baba*, 996 A.2d at 803-04 (noting that in addition to plaintiff's failure to comply with the requirement for time of service under Rule 4 (m), factors to be considered under Rule 41 (b) include prejudice to plaintiff from dismissal of complaint "considered against" prejudice to defendant from continuing the case, "reasonable diligence" of plaintiff, and other relevant factors). In this case an additional relevant factor is that it was the trial court that effected service on Pray because appellant was proceeding *in forma pauperis*. See note 3 *supra*; *Herbin v. Hoeffel*, 727 A.2d 883, 887-89 (D.C. 1999) (noting that failure to comply with timing requirement of Rule 4 (m) was attributable to trial court's nonperformance of its obligations). As it was not presented with a motion challenging the timing of service, the trial court did not consider the relevant factors or make a determination whether the case should be dismissed under Rule 41 (b). *See generally* Rule 12 (g), (h)(1)(A) (providing that "defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process [Rule 12 (b)(2), (4), (5),] is waived [] if omitted" when it was contemporaneously available at the time a Rule 12 (b)(6) motion was made); *Slater v. Biehl*, 793 A.2d 1268, 1271 (D.C. 2002) (noting that whereas the court's subject matter jurisdiction cannot be waived, "a failure to plead lack of personal jurisdiction by motion or responsive pleading results in waiver" (citing Super. Ct. Civ. R. 12 (h)(1)).